JOHN JAGO-FORD ET AL. *v.* PLANNING AND ZONING
COMMISSION OF THE TOWN OF MADISON
(12109)

O'CONNELL, FOTI and CRETELLA, Js.

Argued October 28, 1993—decision released May 17, 1994

*Thomas M. Conroy,* for the appellants (plaintiffs).

*John B. Oestreicher,* for the appellee (defendant John Nedobity, Inc.).

CRETELLA, J. The named defendant, the Madison planning and zoning commission, approved a proposed location for an automobile junkyard pursuant to General Statutes § 14-67g et seq. The plaintiffs, adjoining landowners, appeal from the trial court's judgment dismissing their appeal from the commission's approval. The plaintiffs claim that the trial court improperly held that a commission member, who was absent during two of the three public hearings on the application, had sufficiently acquainted himself with the file to make an informed decision on the application. We affirm the judgment of the trial court.

The relevant facts are as follows. On October 30, 1991, the defendant John Nedobity, Inc., filed an application with the commission for a certificate of approval of a motor vehicle junkyard at 238 County Road in Madison. Pursuant to General Statutes §§ 14-67i and

14-67k,[1] the commission considered the application at public hearings on January 16, February 20, and April 2, 1992. At the outset of the April 2 hearing, the attorney for the applicant noted that the commission had changed personnel from hearing to hearing and that Victor Kiem, in particular, was one commission member who was not present at the January 16 or February 20 hearings. Accordingly, the attorney requested that any members of the commission who had not attended the previous meetings refrain from voting on the application unless they had familiarized themselves with the entire file by listening to the tapes of the previous hearings or by reviewing the documents submitted at those hearings so there would be no basis for an appeal.

First, a petition by neighbors against the application was read into the record. Then, a discussion ensued concerning the suitability of the site. Prior to a vote on the application, Kiem indicated that he would abstain from voting on the matter for the reasons cited by the applicant's attorney.

There was then further discussion on the application after which the chairman of the commission stated that it was time to vote. A motion was made to deny the application. Three of the seven commission members present at the meeting voted to deny the application and three voted for its approval. The chairman then stated that the motion to deny the application failed to pass on the tie vote. See *Merlo* v. *Planning & Zoning Commission,* 196 Conn. 676, 682–83, 495 A.2d 268

---

[1] General Statutes § 14-67i (a) provides in pertinent part: "No person, firm or corporation shall establish, operate or maintain a motor vehicle junk yard . . . unless a certificate of approval of the location to be used therefor has been procured from . . . the zoning commission [of the town], certifying that such location is suitable for the proposed use . . . ."

General Statutes § 14-67k provides for a written application for a certificate of approval and a hearing on such application by the town zoning commission.

(1985) (failure of application to garner enough votes for its approval amounts to rejection of application); see also *Hall* v. *Planning & Zoning Board,* 153 Conn. 574, 576, 219 A.2d 445 (1966). The chairman then presented the seven commission members with the available options to resolve the deadlock: (1) the commission could postpone the decision until either Kiem or the other two absent commission members had read the file and familiarized themselves with it, so as to cast informed votes; or (2) the six members who had voted could attempt to change each others' minds.

Approximately twenty minutes after he had recused himself, Kiem stated that after thoughtful consideration and in good conscience, he felt qualified to vote on the application. Kiem explained that he had abstained because of the earlier remarks by the applicant's attorney and because he did not want the decision on the application to be challenged if he participated in the voting process. Kiem stated that he had read the minutes and familiarized himself with the case, but he had not listened to the tapes of the previous hearings.[2] Kiem claimed that the minutes, although not extremely detailed, adequately apprised him of the information in the file. Moreover, his presence at the April 2 hearing, where additional discussion about the application took place, further familiarized him with the plaintiffs'

---

[2] Kiem stated, "I have read all background papers that have been sent to me. I haven't listened to the tapes so I didn't hear the full proceedings, but did feel, I read the statements and so on and felt I was pretty familiar with it and do have a position on this."

He also stated, "I did familiarize myself to the best of my ability without having heard the tapes but I did familiarize myself with the written documentation but I found this meeting tonight was very illuminating from both sides and having been rather perplexed up to this point now I feel quite clear about it. I would like to withdraw my abstention."

He also informed the commission members that he had read the minutes prior to the hearing.

concerns. Thus, with the approval of the chairman, Kiem was permitted to vote. A motion to approve the application carried by a vote of four to three.

The plaintiffs appealed to the Superior Court, claiming that Kiem should not have voted on the application because he had not familiarized himself with the prior proceedings. The trial court·stated that "[t]he determination by a commission member as to his familiarity with the subject matter under consideration so as to properly allow him to participate in the voting process is not subject to evaluation by the court absent extrinsic evidence to the contrary." The trial court further found that "[Kiem] concluded that he felt he was qualified to vote on the question for reasons stated on the record and consequently the court must accept that conclusion."

The plaintiffs now claim that the vote of commission member Kiem, who was absent during two of the three public hearings on the application, was invalid because Kiem did not sufficiently acquaint himself with the issues raised and the evidence and arguments presented at those hearings to make an informed decision on the application. General Statutes § 14-67k authorizes the local zoning commission to hold a public hearing on the application for a certificate of approval of the location of an automobile junkyard. Although a commission member in an administrative hearing need not be present at the public hearing as a condition precedent for that member to vote on the application, an absent commission member must at least acquaint "himself sufficiently with the issues raised and the evidence and arguments presented at the public hearing in order to make an informed judgment." *Loh* v. *Town Plan & Zoning Commission,* 161 Conn. 32, 42, 282 A.2d 894 (1971); see also *Dana-Robin Corp.* v. *Common Council,* 166 Conn. 207, 217, 348 A.2d 560 (1974); *New Haven* v. *Public Utilities Commission,* 165 Conn. 687, 724, 345 A.2d

563 (1974). "Whether such a member has discharged his obligation to acquaint himself is in the first instance a question of fact for the trial court. See, e.g., *Dana-Robin Corp.* v. *Common Council*, supra [217]. The factual finding of the trial court on this issue must stand unless it is clearly erroneous. *Holy Trinity Church of God in Christ* v. *Aetna Casualty & Surety Co.*, 214 Conn. 216, 223, 571 A.2d 107 (1990)." *Lauer* v. *Zoning Commission*, 220 Conn. 455, 470, 600 A.2d 310 (1991). We cannot retry the facts or pass on the credibility of the witnesses. *Dalia* v. *Lawrence*, 226 Conn. 51, 71, 627 A.2d 392 (1993). "A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . ." (Citations omitted; internal quotation marks omitted.) Id.; *Rosick* v. *Equipment Maintenance & Service, Inc.*, 33 Conn. App. 25, 41, 632 A.2d 1134 (1993); *Central Connecticut Teachers Federal Credit Union* v. *Grant*, 27 Conn. App. 435, 437–38, 606 A.2d 729 (1992). The record adequately supports the trial court's conclusion that Kiem had sufficiently familiarized himself with the issues raised and the evidence presented at the prior proceedings and thus was qualified to vote on the application. We conclude, therefore, that the trial court's finding is not clearly erroneous.

Furthermore, the trial court concluded that the plaintiffs did not meet their burden of proving that Kiem's participation in the commission's decision to grant the application vitiated the entire vote of the commission because the record indicates that the plaintiffs have not sustained the burden of proving that his vote was unlawful. The party challenging the legality of the action of the commission has the burden of proof. *Lauer* v. *Zoning Commission*, supra, 220 Conn. 470; *Adolphson* v. *Zoning Board of Appeals*, 205 Conn. 703, 707,

535 A.2d 799 (1988); *Baron* v. *Planning & Zoning Commission,* 22 Conn. App. 255, 257, 576 A.2d 589 (1990).

The record reveals that although Kiem was not present at two of the three hearings on the application, he had read the minutes and pertinent documentation from those hearings and received an update on the application at the beginning of the April 2 hearing where further discussion took place. The plaintiffs relied solely on the minutes and tapes as evidence to support a finding that Kiem did not acquaint himself with the January 16 and February 20 hearings.[3] The trial court found that such reliance was not sufficient to sustain the plaintiff's burden of proof.

The judgment is affirmed.

In this opinion FOTI, J., concurred.

O'CONNELL, J., dissenting. I am unable to agree with the majority's application of the law to the facts of this case. My review of the record discloses that the minutes of the April 2 hearing are in error in one very important respect. It appears from the minutes that it was at the commencement of the hearing that Kiem, the commissioner in question, stated that he would abstain from voting on the plaintiff's application because he had missed the previous hearings and had not listened to the tapes. If this were the state of affairs,

---

[3] The plaintiffs incorrectly interpreted the events of the April 2 hearing. They argue that only two minutes passed between Kiem's recusing himself and when he withdrew his abstention. The plaintiffs contend that it was during this two minute interval that Kiem first acquainted himself with the case file by reading the minutes of the January 16 and February 20 hearings. A review of the record reveals that the plaintiffs' characterization of the April 2 hearing is incorrect.

Kiem had read the minutes of the prior proceedings and reviewed the documents sent to him by the chairman before attending the April 2 hearing. Furthermore, the tapes indicate that a period of twenty minutes passed between the time Kiem recused himself and the time he withdrew his abstention.

an argument could be made that after listening to everything that then took place at that evening's hearing, Kiem changed his mind and felt sufficiently familiar with the application to vote on it.

This was not the chronology of events, however. It was *at the conclusion of the April 2 hearing* that Kiem declared that he would abstain because of his prior absences. Kiem's decision to abstain was made after he heard extensive argument against the plaintiff's application from neighbors and further discussion on the appropriateness of the site. This was also after he had read the related "documents" and the minutes of the prior hearings. Kiem apparently did not feel that the evening's discussion plus his prior readings were sufficient to acquaint him adequately with the matter so that he could vote.

Following Kiem's declination to vote, the application was defeated by a tie vote.[1] Without receiving any additional material to familiarize himself, Kiem is struck with remarkable prescience and now feels that he is sufficiently acquainted with the matter to vote. I am unable to determine the source of this ex post facto familiarization.

Kiem properly concluded that the minutes did not assist him. Examination of the minutes discloses that they are mostly summary and can hardly be a basis for informing an absent commissioner of what was said. For instance, at the January 16 hearing the minutes reported, inter alia, that certain named individuals spoke "in favor of the application" and certain other named individuals spoke "against the proposal." Aside from providing a list of the names of speakers for that

---

[1] Prior to the actual vote, the application was discussed among the board members for approximately eighteen additional minutes. There is no evidence that Kiem used this additional time to familiarize himself with any portion of the record.

evening, the minutes give no indication of the substance of the speakers' remarks. The minutes of the February 20 meeting also reflect, without articulation, that people spoke both for and against the application. They also reflect that, although at least one question was asked concerning well pollution, the answer was not included. I do not believe that these summary statements can adequately apprise an absent member of even the general substance of the comments made during the hearings without the absent member's additionally listening to the verbatim tapes of the hearing. Kiem admitted that he had not listened to the tapes of the previous hearings.

I concur that the law is that "[w]hether such a member has discharged his obligation to acquaint himself is in the first instance a question of fact for the trial court. . . . The factual finding of the trial court on this issue must stand unless it is clearly erroneous." (Internal citation omitted.) *Lauer* v. *Zoning Commission,* 220 Conn. 455, 470, 600 A.2d 310 (1991). It is also axiomatic that "[a] finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when *although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed.*" (Citations omitted; emphasis added.) *Dalia* v. *Lawrence,* 226 Conn. 51, 71, 627 A.2d 392 (1993); *Rosick* v. *Equipment Maintenance & Service, Inc.,* 33 Conn. App. 25, 41, 632 A.2d 1134 (1993).

In this case, Kiem stated unequivocally that despite studying the documentation associated with the plaintiff's application, reading the minutes of the prior hearings, and sitting through the April 2 hearing, he was not sufficiently acquainted with the application to vote on it. If the scenario ended at that point, the trial court's

ruling would have been erroneous because no one knew better than Kiem himself whether he was sufficiently informed to vote.

The record does not end at that point, however, and the trial court could properly consider any evidence of further familiarization by Kiem. The record is devoid, however, of any further familiarization by Kiem. All that takes place is the vote and resulting tie. I cannot conclude that this supplied a factual basis for a finding of familiarization by the trial court. To me it suggests only a possibility that Kiem was influenced by the vote of the other commissioners. Because the record in this case demonstrates that Kiem was not sufficiently familiar with the record so as to make an informed judgment; *Pet* v. *Dept. of Health Services,* 228 Conn. 651, 682, 638 A.2d 6 (1994); *Watson* v. *Howard,* 138 Conn. 464, 86 A.2d 67 (1952); I am left with a definite and firm conviction that a mistake has been committed. *Dalia* v. *Lawrence,* supra, 226 Conn. 71; *Rosick* v. *Equipment Maintenance & Service, Inc.,* supra, 33 Conn. App. 41. The plaintiff sustained his burden of proving that the vote of the commission was illegal, and the trial court abused its discretion in holding otherwise.

I would remand the case to the trial court with instruction to sustain the appeal.