[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Marsha Clark, appeals a decision of the defendant, the Planning and Zoning Commission of the City of Middletown (Commission), denying a proposed zoning amendment concerning property bordering Washington Street (also known as Route 66) in Middletown. The parties have filed briefs and argument was heard by the court on November 27, 1995. For the reasons stated below, the appeal is dismissed.
I. FACTS
The plaintiff owns property located at 776-78 Washington Street in Middletown. On June 22, 1994, at the request of the plaintiff, the Commission voted to consider a proposal to rezone lots (subject property), including the plaintiff's property, on both the north and south side of Washington Street in the vicinity of the intersections of Old Mill Road, Boston Road, and Plaza Drive currently zoned R-15 Residential and MX Mixed Use as a B-3 Business Office/Limited Retail zone. (Return of Record [ROR], Item S-1.)
On July 13 and July 27, 1994, the Commission held a public hearing on the proposal to rezone. (ROR, Items T-1 and T-2.) During the two-day hearing, individuals testified in support of and in opposition to the proposal. At an August 10, 1994 meeting, the Commission voted to deny the amendment by a vote of five to two.[1]
CT Page 1191 (ROR, Item T-3.) Notice of the Commission's decision was published in the Middletown Press on August 19, 1994. (ROR, Item S-9.)
On September 1, 1994, the plaintiff instituted this appeal pursuant to General Statutes § 8-8, seeking an order directing the Commission to approve the zoning amendment on the ground that its action was illegal, arbitrary and an abuse of discretion.
II. AGGRIEVEMENT
Aggrievement is a jurisdictional question and a prerequisite to maintaining an appeal. Winchester Woods Associates v. Planningand Zoning Commission, 219 Conn. 303, 307, 592 A.2d 953 (1991);DiBonaventura v. Zoning Board of Appeals, 24 Conn. App. 369, 373,588 A.2d 244 (1991). "Aggrievement is established if there is a possibility, as distinguished from a certainty, that some legally protected interest . . . has been adversely affected." (Internal quotation marks omitted.) Connecticut Resources Recovery Authorityv. Planning Zoning Commission, 225 Conn. 731, 739 n. 12,626 A.2d 705 (1993). An owner of the property which forms the subject matter of the application to the agency is aggrieved. WinchesterWoods Associates v. Planning Zoning Commission, supra, 219 Conn. 308; see also General Statutes § 8-8(a)(1) (An "`aggrieved person includes any person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board."). At the hearing before this court on November 27, 1995, the plaintiff's testimony that she was the owner of property directly affected by the decision of the Commission was uncontested. Accordingly, the court finds that the plaintiff is aggrieved.
III. SCOPE OF REVIEW
As a preliminary matter, the court notes its limited scope of review in deciding the present appeal. "[A] local zoning authority, in enacting or amending its regulations, acts in a legislative rather than an administrative capacity." Parks v.Planning Zoning Commission, 178 Conn. 657, 660, 425 A.2d 100
(1979); see also West Hartford Interfaith Coalition, Inc. v. TownCouncil, 228 Conn. 498, 505 n. 10, 636 A.2d 1342 (1994). Acting in such a capacity, a zoning commission is accorded "wide and liberal" discretion. Protect Hamden/North Haven from Excessive Traffic Pollution, Inc. v. Planning Zoning Commission, 220 Conn. 527,543, 600 A.2d 757 (1991); Frito-Lay, Inc. v. Planning ZoningCommission, 206 Conn. 554, 573, 538 A.2d 1039 (1988). "This broad CT Page 1192 legislative discretion applicable to the approval of a zone change is equally applicable to the denial of a requested zone change, and will not be disturbed on appeal unless the zoning authority has acted illegally or arbitrarily and has thus abused the discretion vested in it." Homart Development Co. v. Planning ZoningCommission, 26 Conn. App. 212, 216-17, 600 A.2d 13 (1991).
In addition, when a zoning decision is appealed, "it is not the function of the court to retry the case. Conclusions reached by [a zoning] commission must be upheld by the trial court if they are reasonably supported by the record. The credibility of the witnesses and the determination of issues of fact are matters solely within the province of the [commission]. . . . The question is not whether the trial court would have reached the same conclusion, but whether the record before the [commission] supports the decision reached. (Citations omitted.) Calandro v. ZoningCommission, 176 Conn. 439, 440, 408 A.2d 229 (1979)." (Internal quotation marks omitted.) West Hartford Interfaith Coalition, Inc.v. Town Council, supra, 228 Conn. 512-13.
"Where a zoning [commission] has stated its reasons for its actions, the court should determine only whether the assigned grounds are reasonably supported by the record and whether they are pertinent to the considerations which the authority was required to apply under the zoning regulations. . . . The zone change must be sustained if even one of the stated reasons is sufficient to support it. . . . The principle that a court should confine its review to the reasons given by a zoning [commission] does not apply to any utterances, however incomplete, by the members of the [commission] subsequent to their vote. [Rather, it] applies where the [commission] has rendered a formal, official, collective statement of reasons for its action." (Internal quotation marks omitted.) Id., 513.
"Where, however, the zoning commission fails to present a formal collective statement of reasons the court must search the entire record to find a basis for the commission's decision. . . . In such a case, individual reasons given by certain members of the commission [do] not amount to a formal, collective, official statement of the commission . . . and are not available to show the reason[s] for, or the ground[s] of, the [commission's] decision." (Citations omitted; internal quotation marks omitted.) Id., 514.
In the present case, although the deliberations reflected in the minutes of the August 10, 1994 Commission meeting revealed CT Page 1193 various concerns regarding the proposed amendment, in the court's view, the reasons given by certain members of the Commission did not amount to a formal, collective, official statement of the Commission.[2] See Bloom v. Zoning Board of Appeals, 233 Conn. 198,208-09 n. 12, ___ A.2d ___ (1995). "It [is], therefore, the obligation of the trial court . . . to search the record for a basis upon which to uphold the commission's decision." ProtectHamden/North Haven from Excessive Traffic Pollution, Inc. v.Planning Zoning Commission, supra, 220 Conn. 545.
IV. DISCUSSION
The plaintiff argues that the Commission's decision denying the proposed amendment should be reversed because its action was illegal, arbitrary and an abuse of discretion. Although the plaintiff has raised numerous arguments, all of which the court has considered and rejected, her most fundamental claims are that the Commission failed to follow its zoning code, engaged in illegal "spot zoning", and denied the plaintiff an economically viable use of her property thus constituting a "confiscation" or "taking" of the property without just compensation. The defendant argues that the decision should be upheld because it was not illegal, arbitrary or an abuse of discretion.
The test for determining the legality of a local zoning commission's ruling on a proposed zoning change is twofold:
 (1) The zone change must be in accord with a comprehensive plan, . . . and (2) it must be reasonably related to the normal police power purposes enumerated in [General Statutes] § 8-2 . . . . A comprehensive plan has been defined as a general plan to control and direct the use and development of property in a municipality or a large part thereof by dividing it into districts according to the present and potential use of the properties. . . . The requirement of a comprehensive plan is generally satisfied when the zoning authority acts with the intention of promoting the best interests of the entire community.
(Citations omitted; internal quotation marks omitted.) FirstHartford Realty Corp. v. Plan Zoning Commission, 165 Conn. 533,541, 338 A.2d 490 (1973).
Pursuant to General Statutes § 8-2(a), the decisions of a CT Page 1194 planning and zoning commission:
 shall be designed to lessen congestion in the streets; to secure safety from fire, panic, flood and other dangers; to promote health and the general welfare; to provide adequate light and air; to prevent the overcrowding of land; to avoid undue concentration of population and to facilitate the adequate provision for transportation, water, sewerage, schools, parks and other public requirements.
(Emphasis added.) In addition, section 71 of the Middletown Zoning Code provides, in pertinent part, that:
 In passing upon any [zoning amendment] petition, the Commission shall take into account the various factors favoring and dis-favoring a change, such as but not limited to the following: A. Errors in the existing Code; changes that have taken place in the City in patterns of development and land use; the supply of land and its peculiar suitability for various purposes; the effect of a map change on the surrounding area, the purposes of zoning; the objectives of the Plan of Development; neighborhood acceptance weighed against community needs; and legality; B. Whether some other method or procedure under the Zoning Regulations is available and more appropriate than the amendment proposed. C. As a general policy, the Commission should not establish any zone with a geographic area less than twenty (20) acres.
(Emphasis added.)
Review of the record indicates that a majority of the community members at the public hearing testified in opposition to the amendment.[3] Individuals cited a variety of reasons for their opposition, including increased traffic, noise pollution[4] and air pollution. From this testimony, the Commission could have reasonably found that implementing the proposed zone change would not be in the best interests of the community.[5]
"Although a zoning commission's overall actions must conform to the mandates of [General Statutes] § 8-2, those mandates do not apply to every detail of the commission's actions. . . . Thus, it CT Page 1195 was not necessary for the commission's legislative decision to satisfy each and every factor delineated by § 8-2. If the record establishes, as it did here, that the decision was reasonably related to at least one of those factors that was pertinent to the task before the commission, it must be sustained." (Citation, omitted; internal quotation marks omitted.) Protect Hamden/NorthHaven from Excessive Traffic Pollution, Inc. v. Planning ZoningCommission, supra, 220 Conn. 554.
The plaintiff argues, however, that the Commission's denial of the zoning amendment constitutes illegal "reverse" spot zoning since the subject property is zoned residential and is surrounded by business and mixed use property.
Spot zoning has been defined as:
 the reclassification of a small area of land in such a manner as to disturb the tenor of the surrounding neighborhood. . . . Two elements must be satisfied before spot zoning can be said to exist. First, the zone change
must concern a small area of land. Second, the change
must be out of harmony with the comprehensive plan for zoning adopted to serve the needs of the community as a whole.
(Emphasis added; internal quotation marks omitted) Michel v.Planning Zoning Commission, 28 Conn. App. 314, 319, 612 A.2d 778, cert. denied, 223 Conn. 923 (1992).
In this case, the Commission did not reclassify any land or implement any zoning change. Rather, it denied a proposed zoning amendment. According to the plaintiff, this failure to change the zone results in reverse spot zoning. However, the plaintiff cites no cases clearly holding, under circumstances similar to those here, that such an action is the equivalent of spot zoning. In the court's view, given the circumstances of this case, the Commission's decision does not constitute spot zoning as our courts have traditionally regarded it. Irrespective of how one may choose to characterize the Commission's decision, it may be viewed as being in accord with its comprehensive plan and police powers.
The plaintiff also argues that the Commission's decision constitutes a taking of property without compensation. However, "[b]efore being entitled to judicial review of [her] takings claim, the plaintiff has the burden of showing that [she] has been finally CT Page 1196 deprived by the commission of the use of [her] property. . . . As a threshold matter, the plaintiff thus bears the difficult burden of proving that the commission will not allow any reasonable use of [her] property." (Citations omitted.) DeBeradinis v. ZoningCommission, 228 Conn. 187, 197, 635 A.2d 1220 (1994).
In the present case, a licensed appraiser hired by the plaintiff "testified at the hearing before the Commission that the only non-residential use for which the plaintiff's subject property had been found legally permissible and physically adaptable was for a child care facility."[6] Plaintiff's Brief at 4. Essentially, then, the plaintiff has acknowledged that her property is suitable for both residential and child care purposes.[7] Although the plaintiff presented evidence that her property value is lower with an R-15 designation, she has failed to demonstrate that the Commission's decision deprived her of any reasonable use of her property. Accordingly, given the narrow scope of its inquiry, the court need not address this claim any further. See DeBeradinis v.Zoning Commission, supra, 228 Conn. 197.
Finally, the plaintiff argues that she was denied due process because, prior to voting, two members of the Commission did not review a videotape (ROR, Item P-22) of the Washington Street area submitted into evidence. This argument is not persuasive. As noted by our Appellate Court:
 Although a commission member in an administrative hearing need not be present at the public hearing as a condition precedent for that member to vote on the application, an absent commission member must at least acquaint himself sufficiently with the issues raised and the evidence and arguments presented at the public hearing in order to make an informed judgment.
(Internal quotation marks omitted.) Jago-Ford v. Planning ZoningCommission, 34 Conn. App. 402, 406, 642 A.2d 14 (1994). The question of "[w]hether . . . a [commission] member has discharged his obligation to acquaint himself is . . . a question of fact for the trial court." Id., 407.
Commissioners Jennifer Alexander and Gerard Winzer were not present during the July 13, 1994 hearing at which the video was, played. Although the commissioners admitted that they did not view the video, both submitted affidavits attesting that they listened to the audio tapes of the public hearings which included the CT Page 1197 narration on the video. Affidavit of Jennifer Alexander (#115), ¶¶ 3-5; Affidavit of Gerard Winzer (#116), ¶¶ 3-5. Commissioner Alexander has been a resident of Middletown for over ten years and Commissioner Winzer is a lifetime resident. Both stated that they were aware of the contents of the video and did not need to view it in order to make an informed judgment. Affidavit of Jennifer Alexander, ¶ 6; Affidavit of Gerard Winzer, ¶ 6. Moreover, a zoning commission's "wide discretion in denying [a] request for a zone change encompasses the ability to rely on its personal knowledge of the site and its environs as a basis for its vote." West HartfordInterfaith Coalition, Inc. v. Town Council, supra, 228 Conn. 518. The undersigned judge has viewed the videotape, which contains a visual account of the Washington Street area and accompanying narration. On consideration of the full record, I find that; Commissioners Alexander and Winzer were sufficiently acquainted with the issues raised and the evidence and arguments presented in the case in order to make an informed judgment. See Jago-Ford v.Planning Zoning Commission, supra, 34 Conn. App. 406.
V. CONCLUSION
For the reasons stated herein, the plaintiff's appeal is accordingly dismissed.
BY THE COURT:
LAVINE, J.