[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I. Statement of the Case
The plaintiff, Clifford Development Corporation, appeals pursuant to General Statutes § 8-8 from a decision of the defendant, the New Milford Zoning Commission (commission) denying the plaintiff's application for a site plan review and an application for a permit for excavation of earth material.
II. Procedural History
On June 23, 1995, notice of the commission's decision was published in The New Milford Times. (Return of Record (ROR), Item 12.) On July 7, 1995, the plaintiff served process upon: Anna E. Chapin, Town Clerk and agent for service for the Town of New Milford, Joyce Reynolds, Secretary-Clerk of the Town of New Milford, and George Doring, Chairman of the Zoning Commission of the Town of New Milford. (Sheriff's Return). On July 24, 1995, the plaintiff filed an appeal with this court pursuant to General Statutes § 8-8(b).
III. Facts
The plaintiff owns property located at 70-74 Danbury Road, New Milford, Connecticut. (ROR, Item 1.) On March 1, 1995, the plaintiff submitted an application for a site plan review and an application for a permit for excavation of earth material for the property. (ROR, Item 1.) The site plan application proposes the construction of a 21,428 square foot retail building and a 3,774 CT Page 4074-DD square foot restaurant on the 4.63 acre site. (ROR, Item 1.) The excavation permit application proposes the excavation of 55,000 cubic yards.[1] (ROR, Item 1.) On April 25, 1995, a public hearing was held on the plaintiff's application for a site plan review and an excavation permit. (ROR, Item 15 and 19.) On June 13, 1995, the commission denied the applications. (ROR, Items 18 and 22.)
IV. Jurisdiction
 A. Aggrievement
General Statutes § 8-8(b) provides that "any person aggrieved by any decision of a board may take an appeal to the superior court. . . . . [p]roof of aggrievement is essential to a court's jurisdiction of a zoning appeal." Connecticut Resources RecoveryAuthority v. Planning Zoning Commission of the Town ofWallingford, 225 Conn. 731, 739 n. 12, 626 A.2d 705 (1993). The plaintiff is the record owner of the property for which the applications are sought. (ROR, Item 1.) Therefore, as the landowner of the subject property, the plaintiff is aggrieved. SeeWinchester Woods Associates v. Planning and Zoning Commission ofthe Town of Madison, 219 Conn. 303, 308, 592 A.2d 953 (1991).
B. Timeliness
A party taking an appeal must do so by commencing service of process within fifteen days from the date that notice of the decision was published. General Statutes § 8-8(b). On June 23, 1995, notice of the decision was published in The New Milford Times.[2] (ROR, Item 12.) On July 7, 1995, the plaintiff served process upon the representatives of the commission. (Sheriff's Return). The plaintiff served the commission within fifteen days of the publication of its decision. Therefore, the plaintiff's appeal is timely.
V. Scope of Judicial Review
"In reviewing an appeal from an administrative agency, the trial court must determine whether the agency has acted unreasonably, arbitrarily, illegally or in abuse of its discretion." (Internal quotation marks omitted.) Smith v. ZoningBoard of Appeals of the Town of Greenwich, 227 Conn. 71, 80,629 A.2d 1089 (1993), cert. denied, ___ U.S. ___, 114 S.Ct. 1190,127 L.Ed.2d 540 (1993). "The burden of proof is on the plaintiff to demonstrate that the Commission acted improperly." Spero v. ZoningCT Page 4074-EEBoard of Appeals of the Town of Guilford, 217 Conn. 435, 440,586 A.2d 590 (1991).
VI. Discussion
 A.
The plaintiff claims that the commission "acted illegally, arbitrarily and in abuse of the discretion vested in it by law as an administrative agency in that: a. [it] failed to approve an application which conformed to the agency's regulations; b. [it] failed to assign a proper reason for a denial of the application; c. [it] decided the application based upon factors which were not contained in the regulations; [and] d. [it] improperly interpreted the zoning regulations of the [town]." (Appeal, July 6, 1995.) In its brief, the plaintiff contends that the appeal should be sustained because the commission failed to articulate a basis for the denial of its applications, the applications conformed to all statutory and regulatory requirements, and the vote taken on the applications was improper because it included an alternate member of the commission who was not present at the public hearing. (Plaintiff's Brief, p. 1.)
 B.
"[W]here a zoning commission has formally stated the reasons for its decision, the court should not go behind that official collective statement of the commission . . . where there is a failure to comply with the obligation to state reasons, the action is not deemed void but the court must search the record to see whether the board was justified in its decision." West HartfordInterfaith Coalition, Inc. v. Town Council of the Town of WestHartford, 228 Conn. 498, 514-15, 636 A.2d 1342 (1994). "The court's function is to determine on the basis of the record whether substantial evidence has been presented to the board to support its findings." Mobil Oil Corp. v. Zoning Board of Appeals of the Cityof Bridgeport, 35 Conn. App. 204, 209, 644 A.2d 401 (1994).
General Statutes § 8-3(g) provides that "[t]he zoning regulations may require that a site plan be filed with the commission or other municipal agency or official to aid in determining the conformity of a proposed building, use or structure with specific provisions of such regulations. . . . A site plan may be modified or denied only if it fails to comply with requirements already set forth in the zoning or inland wetlands CT Page 4074-FF regulations. . . ." Article III of the zoning regulations of the Town of New Milford applies to submissions for site plan approval. (ROR, Item 23, pp. 3-1 — 3-6.) It sets out the requirements for an applicant which serve to aid the commission in determining the conformity of a proposed building, use or structure with the provisions of the zoning regulations.[3] (ROR, Item 23, p. 3-2.)
This property is located within a B-1 zone. (ROR, Item 1.) A B-1 zone is a restricted business zone. (ROR, Item 23, p. 1-2.) The zoning regulations of the Town of New Milford permit restaurants (Class I, II, and III) and "stores and other buildings and structures where goods are sold or services rendered primarily at retail" in a B-1 zone. (ROR, Item 23, p. 2-11.) It is submitted that the application for the site plan complies with the zoning regulations and the proposed plan is permitted in the zone.
The commission did not seriously challenge the proposed use's compliance with the requirements of a B-1 zone (ROR, Item 15, pp. 21-22.), but it nevertheless expressed concern over the traffic impact of the project. (ROR, Items 7 and 15, pp. 35-36.) The regulations set out specific requirements as to site plan applications, but do not mention traffic considerations. (ROR, Item 23, pp. 2-12 — 2-13.) Nor does the commission refer to the zoning regulations in expressing its traffic concerns. (ROR, Item 15, pp. 19-27.) General considerations "[cannot] serve as the basis for denying the plaintiff's application, but [can] only [serve] as a reason for requiring a modification." TLCDevelopment, Inc. v. Planning Zoning Commission of the Town ofBranford, 215 Conn. 527, 533, 577 A.2d 288 (1990). Pursuant to Article III of the zoning regulations and TLC Development, Inc. v.Planning Zoning Commission, the commission is required to grant the site plan approval.[4]
Article XV of the regulations concerns the excavation of earth materials. (ROR, Item 23, pp. 15-1 — 15-9.) Subsection 15.1 of this section provides that "[a]fter the issuance of a zoning permit, or after the approval of a subdivision, material excavated from roads, foundations, basements and other construction areas may be removed from the premises subject to all of the conditions listed below." (ROR, Item 23, p. 15-1.) Subsection 15.1 requires a special permit to excavate more than 700 cubic yards of material from any lot. (ROR, Item 23, p. 15-1.) Section 15.2 allows materials to be excavated and used by the owner on the premises without a permit, provided that the amount of material to be excavated and used is less than one thousand cubic yards. CT Page 4074-GG Subsection 15.5 provides that "[i]n considering any such application, the [c]ommission shall consider the effect upon the premises and adjacent property, upon property values, health, safety, public welfare and any effect upon the future of the premises involved." (ROR, Item 23, p. 15-3.)
The plaintiff's application for an excavation permit sought approval for the removal of approximately 58,000 cubic yards of material, 8,000 cubic yards of which would be used on site for fill and 50,000 cubic yards which would be trucked off site. (ROR, Item 1.) The plaintiff's application did not contain a traffic impact study. (ROR, Items 1 and 15, p. 26-29.) The commission conceded that its regulations do not mandate the filing of a traffic impact study in seeking an excavation permit.[5] (ROR, Item 15, p. 29.) Nevertheless, the excavation permit section requires that the applicant obtain a special permit when excavating 700 cubic yards or more that will be removed from a site. (ROR, Item 23, p. 15-1.)
General Statutes § 8-2 provides that "certain classes or kinds of buildings, structures or use of land are permitted only after obtaining a special permit or special exception from a . . . zoning commission . . . subject to standards set forth in the regulations and to conditions necessary to protect the public health, safety, convenience, and property values." Article IIIA sets out the special permit provisions in the commission's regulations. (ROR, item 23, pp. 3-4 — 3-6.) The regulations require that an application for a special permit be accompanied by a site plan, a traffic impact study, and/or a waiver of these two requirements. (ROR, Item 23, p. 3-4.) The proposed use must conform to the requirements of character of the town and neighborhood, lot size, traffic concerns, off-street parking and landscaping. (ROR, Item 23, pp. 3-5 — 3-6.)
In Friedman v. Planning Zoning Commission of the Town ofRocky Hill, 222 Conn. 262, 267-68, 608 A.2d 1178 (1992), the court explained that "[t]he Rocky Hill zoning regulation required that a traffic study accompany any application for site plan approval. Since the site plan submission did not comply with the requirements set forth in the zoning regulations, the court correctly concluded that the failure to supply the required traffic study furnished an adequate legal basis for the commission's decision to deny the application." In the present case, the failure to submit a traffic impact study is required by the regulations in applying for a special permit pursuant to § 3A, subsection 4b. Therefore, based upon Friedman v. Planning Zoning Commission, supra, the CT Page 4074-HH commission's decision is justified because the plaintiff's application failed to include a traffic impact study.
In addition to the fact that the application did not contain the required traffic impact study, the plaintiff did not present sufficient evidence to alleviate the commissions justifiable traffic concerns. The commission expressed concern over the truck traffic emanating from the proposed site. (ROR, Item 15, pp. 12-31.) Members of the public also complained, inter alia, that the traffic implications of the proposed project would be hazardous and undesirable. (ROR, Item 15, pp. 32-39.) The excavation would require 2,479 trucks to leave the site hauling material within about a six month period. (ROR, Item 15, pp. 6, 19.) The commission questioned the plaintiff as to its discussions with the State Department of Transportation (DOT). (ROR, Item 15, pp. 20, 41-42.) However, the record does not contain any information as to the DOT's approval of the plan. The potential traffic problems discussed in the record further support the commission's decisions.
The plaintiff also challenges the commission's decision on the ground that an alternate who was not present at the public hearing voted on its applications at the June 13, 1995 meeting. The plaintiff contends that the vote was improper because another alternate member who attended both the public hearing and the meeting did not vote on the application.
An alternate member of the agency who is not needed for the vote should not participate in the deliberations. Weiner v. NewMilford Zoning Commission, Superior Court, judicial district of Litchfield, Docket No. 66607 (May 23, 1995, Pickett, J.,14 Conn. L. Rptr. 245). This was not the situation here. There were only four of the five members of the commission at the June 13 meeting, and an alternate was needed to fill the vacancy. Charles Raymond and Mona Tito, both alternates, attended the June 13 meeting. Tito did not attend the public hearing on April 25, 1995. Nevertheless, Tito was seated for the missing member, Donald Marsh, at the June 13 meeting. Tito filled Marsh's seat for the entire meeting except for the discussion and vote on one matter. (ROR, Item 22, pp. 11-12.)
"Although a commission member in an administrative hearing need not be present at the public hearing as a condition precedent for that member to vote on the application, an absent commission member must at least acquaint himself with the issues raised and the evidence and arguments presented at the public hearing in order to make an informed judgment. . . . Whether such a member has CT Page 4074-II discharged his obligation to acquaint himself is in the first instance a question of fact for the trial court." (Citations omitted; internal quotation marks omitted.) Jago-Ford v. Planningand Zoning Commission of the Town of Madison, 34 Conn. App. 402,406-07, 642 A.2d 14 (1994). In Jago-Ford v. Planning And ZoningCommission of Madison, the record reflected that the member sufficiently familiarized himself with the issues raised and the evidence presented at the prior proceedings. In the present case, while there is nothing in the record to support a claim that the alternate Tito reviewed the transcript or minutes, this could be attributed to the fact that the issue of the propriety of her vote was not raised until this appeal. The record, nevertheless, contains a copy of the transcript and the minutes of the meeting. (ROR, Items 15 and 19.) "The burden of proving that the . . . board members did not sufficiently acquaint themselves with the prior proceeding and, therefore, were disqualified from voting, lies with the plaintiff." Grillo v. Zoning Board of Appeals of theCity of West Haven, 4 Conn. App. 205, 207, 493 A.2d 275 (1985), rev'd on other grounds, 206 Conn. 362, 537 A.2d 1030 (1988). The plaintiff challenges the propriety of Tito's voting without alleging that she had not sufficiently familiarized herself with the issues raised. The record reflects that the vote had been postponed a number of times so that members of the commission could further review the file. (ROR, Items 16 and 17.) There was ample opportunity for Tito to familiarize herself with the record. Accordingly, it is submitted that the vote of the alternate Tito does not invalidate the commission's decision.
VII. Conclusion
The commission did not have the discretion to deny the plaintiff's application for the site plan approval. However, the commission's decision as to the excavation permit is reasonably supported by the record, and therefore, the commission's denial must stand. Friedman v. Planning Zoning, supra, 222 Conn. 268. Accordingly, the plaintiff's appeal is sustained as to the denial of its site plan application, but dismissed as to the denial of the excavation application.
PICKETT, J.