HOLLY LAUVER ET AL. *v.* PLANNING AND ZONING
COMMISSION OF THE TOWN OF
CANTERBURY ET AL.
(AC 18691)

Lavery, C. J., and Zarella and Pellegrino, Js.

Argued June 13—officially released October 24, 2000

*Mark K. Branse,* for the appellant (defendant Joseph Savino).

*Richard S. Cody,* for the appellee (named defendant).

*Brian R. Smith,* for the appellees (plaintiffs).

*Opinion*

LAVERY, C. J. The defendant Joseph Savino appeals from the judgment of the trial court sustaining the appeal of the plaintiffs, Holly Lauver and Jean-Claude Doucet,[1] from the decision of the defendant planning and zoning commission of the town of Canterbury (commission) granting Savino a special exception permit (permit). On appeal, Savino claims that the court improperly (1) concluded that notice of the commission's May 9, 1996 public hearing was invalid due to a clerical error in his April 3, 1996 application (original application) for the permit, (2) concluded that a claim of automatic approval cannot be raised in an administra-

---

[1] The court determined that the plaintiff Jean-Claude Doucet was not aggrieved and dismissed the appeal as to him. In this opinion, we refer to the plaintiff Holly Lauver as the plaintiff.

tive appeal and (3) voided the permit rather than remanding Savino's May 7, 1996 application (amended application) for a new hearing. We agree with Savino's third claim and reverse the judgment of the trial court.

The following facts are relevant to this appeal. On April 13, 1996, Savino applied for a permit, pursuant to General Statutes § 8-3 (g), to excavate sand and gravel from a portion of almost twenty-three acres of real property that he owns. The property lies in the adjacent towns of Scotland and Canterbury with 8.99 acres being located in Scotland and 13.89 acres in Canterbury. The excavation site is in Canterbury, but access to the site is over an existing driveway that traverses the land of others in Scotland. The commission granted the permit on August 8, 1996. The plaintiff appealed to the Superior Court, claiming that when the commission approved the permit, it acted illegally, arbitrarily and in abuse of its discretion. The court concluded that notice of the hearing on the amended application was defective and, in sustaining the appeal, voided the commission's action with respect to the permit. Savino appealed to this court. Additional pertinent facts will be set forth in the discussion of the issues.

I

Savino's first claim is that the trial court improperly determined that notice of the commission's May 9, 1996 public hearing was invalid due to a clerical error in his original application.

The following additional facts are necessary for our resolution of this claim. Savino's original application, filed on April 3, 1996, identified the excavation site as being located in Scotland.[2] At a preliminary meeting, the commission indicated that "a better description of the land involved and map and lot numbers should

---

[2] The parties have referred to this inaccuracy as a clerical error.

be added to the application," but caused the required notices for a public hearing on the original application that was to be held on May 9, 1996, to be published. At the commission's public hearing held on May 9, 1996, the original application was not even on the agenda.

In response to the directive for a better description of the land involved, Savino filed an amended application on May 7, 1996. The commission caused notice of the amended application to be published on May 31 and June 11, 1996, for a public hearing to be held on June 13, 1996. The commission continued the June 13 hearing to June 27 and July 9, 1996, and approved the amended application on August 8, 1996. The plaintiff appealed to the Superior Court.

The court sustained the appeal because it determined that the amended application was an application different from the original one, that it required its own notice and that notice of the public hearing for the amended application was defective, as it did not comply with § 8-3 (a).[3] Section 8-3 (a) requires that notice of a hearing be published twice, the first not more than fifteen nor less than ten days before the hearing and the second not less than two days before the hearing. When the time requirements for notice are computed, the terminal days are excluded. *Lunt* v. *Zoning Board of Appeals*, 150 Conn. 532, 536, 191 A.2d 553 (1963). The trial court found that because the second notice of the hearing on the amended application was given on June 11, 1996,

___

[3] General Statutes § 8-3 (a) provides in relevant part: "Such zoning commission shall provide for the manner in which regulations under section 8-2 and the boundaries of zoning districts shall be respectively established or changed. No such regulation or boundary shall become effective or be established or changed until after a public hearing in relation thereto . . . . Notice of the time and place of such hearing shall be published in the form of a legal advertisement appearing in a newspaper having a substantial circulation in such municipality at least twice at intervals of not less than two days, the first not more than fifteen days nor less than ten days, and the last not less than two days, before such hearing . . . ."

it was not given two days before the June 13, 1996 public hearing.[4] The court, therefore, concluded that the commission's action approving the amended application was void because notice was not given in accord with § 8-3 (a).

On appeal before us, Savino argues that the commission continued the hearing on his original application from May 9 to June 13, 1996, and that a separate notice was not necessary to consider his amended application. Savino also argues that the public was not misled by his original application because if interested parties had gone to the commission's office and reviewed the application and map, they would have seen that the excavation site was in Canterbury, not Scotland. Further, he claims that the public could not have been confused because the commission can make decisions only about land situated in Canterbury, not Scotland. He also asserts that the plaintiff has raised form over substance because hundreds of individuals turned out at the public hearing and a substantial effort was made to oppose the granting of the permit. We are not persuaded.

The questions before this court are whether the trial court properly concluded that the original application and the amended application were separate and distinct and therefore required separate legal notice, and whether the court correctly concluded that the commission's granting of the permit was illegal for want of proper notice. See *Bloom* v. *Zoning Board of Appeals*, 233 Conn. 198, 205–206, 658 A.2d 559 (1995); *Schwartz* v. *Planning & Zoning Commission*, 208 Conn. 146,

[4] Savino does not challenge the court's finding that the second legal notice concerning the June 13, 1996 public hearing was given less than two days before the hearing and was therefore invalid. He attempts to *associate* the amended application *with* the original application *to claim that notice was proper* because notice of the original application for the May 9, 1996 public hearing *would have been proper*, had that application been on the agenda.

152, 543 A.2d 1339 (1988); *Pike* v. *Zoning Board of Appeals*, 31 Conn. App. 270, 273, 624 A.2d 909 (1993).

"The scope of review of a trial court's factual decision on appeal is limited to a determination of whether it is clearly erroneous in view of the evidence and pleadings. . . . Conclusions are not erroneous unless they violate law, logic or reason or are inconsistent with the subordinate facts." (Internal quotation marks omitted.) *R & R Pool & Home, Inc.* v. *Zoning Board of Appeals*, 43 Conn. App. 563, 567, 684 A.2d 1207 (1996). "A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Jago-Ford* v. *Planning & Zoning Commission*, 34 Conn. App. 402, 407, 642 A.2d 14 (1994).

In this case, the record supports the trial court's finding that the description of the subject property in the amended application was different from the description in the original application. Furthermore, the original application was not even on the amended agenda of the May 9, 1996 hearing so there could have been no continuance because no action was taken by the commission. The court's findings therefore are not clearly erroneous.

"The failure to give statutory notice to the general public is a subject matter jurisdictional defect and it cannot be waived nor can jurisdiction be conferred by consent of the applicant. *Lauer* v. *Zoning Commission*, 220 Conn. 455, 461–62, 600 A.2d 310 (1991). 'Strict compliance with statutory mandates regarding notice to the public is necessary'; *Koskoff* v. *Planning & Zoning Commission*, [27 Conn. App. 443, 447, 607 A.2d 1146, cert. granted, 222 Conn. 912, 608 A.2d 695 (1992) (appeal withdrawn November 18, 1992)]; and '[f]ailure to give

proper notice constitutes a jurisdictional defect.' *Slagle* v. *Zoning Board of Appeals*, 144 Conn. 690, 693, 137 A.2d 542 (1957); see also *Wright* v. *Zoning Board of Appeals*, 174 Conn. 488, 491, 391 A.2d 146 (1978)." *Center Shops of East Granby, Inc.* v. *Planning & Zoning Commission*, 52 Conn. App. 763, 774, 727 A.2d 807 (1999), rev'd on other grounds, 253 Conn. 183, 749 A.2d 1185 (2000).

As to Savino's claim that the court elevated form over substance, "[z]oning commissions are required to provide adequate published notice of a public hearing to be held on an application or request for a special permit or special exception. . . . Specifically, this court has held that the purpose behind the notice requirement of § 8-3 is fairly and sufficiently to apprise those who may be affected by the proposed action of the nature and character of the proposed action so as to enable them to prepare intelligently for the hearing." (Citation omitted; internal quotation marks omitted.) *Nazarko* v. *Zoning Commission*, 50 Conn. App. 517, 519, 717 A.2d 853, cert. denied, 247 Conn. 941, 723 A.2d 318 (1998); see also *Delfino* v. *Planning & Zoning Commission*, 30 Conn. App. 454, 461, 620 A.2d 836 (1993).

"A defect in the content of the notice cannot be cured by proof that some members of the public received actual notice, or appeared at the hearing. *Cocivi* v. *Plan & Zoning Commission*, 20 Conn. App. 705, 708, 570 A.2d 226, cert. denied, 214 Conn. 808, 573 A.2d 319 (1990). Before this court can conclude that any action taken by the board is valid, the notice provision must be complied with fully. *Slagle* v. *Zoning Board of Appeals*, [supra, 144 Conn. 693]." *Peters* v. *Environmental Protection Board*, 25 Conn. App. 164, 168, 593 A.2d 975 (1991).

Although *Peters* concerned General Statutes § 22a-42a (c), this court noted in *Peters* that the notice provi-

sions in §§ 8-3 and 22a-42a (c) were similar and that the same standards applied. Id., 167–68. As we did in *Peters*, we reject the argument that the notice was sufficient because the public knew about the application and could have gone to the commission's office to look at the map of the subject property. "[W]e are unpersuaded by the defendant's argument that the general public should have cross-referenced the application number with city hall records, or that earlier newspaper articles had connected the property to [the applicant for the permit]. The statute does not call for cumulative notice, nor does it ask that the general public employ the skills of a research librarian to determine where the subject property is located. The act of giving statutory notice is much too important to be done by way of informal, unofficial or chancy cross-referencing." Id., 169.

We therefore conclude that the court properly determined that the May 9, 1996 public hearing was not for the same application as was the subject of the June 13, 1996 public hearing, and, therefore, separate legal notices were required.

## II

Savino's second claim is that the court improperly concluded that a claim of automatic approval cannot be raised in an administrative appeal. We affirm the court's refusal to find that the application for the permit was automatically approved, but for a different reason. See *Stapleton* v. *Lombardo*, 151 Conn. 414, 417, 198 A.2d 697 (1964).

The following facts are relevant to this claim. Savino applied for approval of the site plan, as well as the permit. Pursuant to § 8-3 (g),[5] if a commission fails to

---

[5] General Statutes § 8-3 (g) provides in relevant part: "The zoning regulations may require that a site plan be filed with the commission or other municipal agency or official to aid in determining the conformity of a proposed building, use or structure with specific provisions of such regulations. If a site plan application involves an activity regulated pursuant to sections

act on a site plan within the time specified by General Statutes § 8-7d,[6] the site plan is automatically approved. Savino claimed before the trial court that because the commission failed to approve his site plan within the time specified by § 8-7d, he was entitled by default to approval of both the site plan and the permit. Savino argued before this court that although the trial court sustained the plaintiff's appeal, the permit should have been approved because the commission's failure to give notice in a timely manner resulted in its failure to act within the limits of § 8-7d.

A claim similar to the one raised by Savino was recently decided in *Center Shops of East Granby, Inc.*

22a-36 to 22a-45, inclusive, the applicant shall submit an application for a permit to the agency responsible for administration of the inland wetlands regulations not later than the day such application is filed with the zoning commission. The decision of the zoning commission shall not be rendered on the site plan application until the inland wetlands agency has submitted a report with its final decision. In making its decision the zoning commission shall give due consideration to the report of the inland wetlands agency. A site plan may be modified or denied only if it fails to comply with requirements already set forth in the zoning or inland wetlands regulations. *Approval of a site plan shall be presumed unless a decision to deny or modify it is rendered within the period specified in section 8-7d.* A certificate of approval of any plan for which the period for approval has expired and on which no action has been taken shall be sent to the applicant within fifteen days of the date on which the period for approval has expired. A decision to deny or modify a site plan shall set forth the reasons for such denial or modification. A copy of any decision shall be sent by certified mail to the person who submitted such plan within fifteen days after such decision is rendered. . . ." (Emphasis added.)

[6] General Statutes § 8-7d (a) provides: "Except as provided in subsection (b) of this section, in all matters wherein a formal petition, application, request or appeal must be submitted to a zoning commission, planning and zoning commission or zoning board of appeals under this chapter and a hearing is required on such petition, application, request or appeal, such hearing shall commence within sixty-five days after receipt of such petition, application, request or appeal and shall be completed within thirty days after such hearing commences. All decisions on such matters shall be rendered within sixty-five days after completion of such hearing. The petitioner or applicant may consent to one or more extensions of any period specified in this subsection, provided the total extension of any such period shall not be for longer than the original period as specified in this subsection, or may withdraw such petition, application, request or appeal."

v. *Planning & Zoning Commission*, 253 Conn. 183, 749 A.2d 1185 (2000).[7] In *Center Shops of East Granby, Inc.*, our Supreme Court answered "no" to the question of "whether a site plan is inseparably entwined with an application for a special permit to which it is related, thereby ensuring that . . . §§ 8-3 and 8-7d, which provide for automatic approval of site plan applications, would apply equally to the submission of a site plan and to its related special permit." Id., 184. In *Center Shops of East Granby, Inc.*, the commission failed more than once to provide proper notice of a public hearing to consider the applicants' requests for a special exception permit and approval of site plans. After the applicants failed to agree to further extensions of time, the commission denied the application for a special permit and approval of an accompanying site plan and denied a separate application for approval of a revised site plan. The applicants filed a writ of mandamus seeking approval of their applications because the commission failed to give proper notice of the public hearing and because the commission failed to render a decision on the site plans in a timely fashion. The applicants alleged that the purported hearings on the applications were nullities and that the statutory violations resulted in automatic approval of both applications. After distinguishing several cases, notably, *SSM Associates Ltd. Partnership* v. *Plan & Zoning Commission*, 211 Conn. 331, 559 A.2d 196 (1989), our Supreme Court concluded that "when a site plan is separable from its accompanying documents and the special permit application is for a use not permitted as of right, the provisions of § 8-3 (g) are not applicable and the time constraints specified in § 8-7d do not control." *Center Shops of East Granby, Inc.* v. *Planning & Zoning Commission*, supra, 193.

---

[7] *Center Shops of East Granby, Inc.* v. *Planning & Zoning Commission*, supra, 253 Conn. 183, was a mandamus action.

The court in *Center Shops of East Granby, Inc.*, noted that, generally, applications for site plans are separate from applications for special permits. In the absence of facts showing that the special permit application is for a permitted use for which no hearing is required and that the special permit application is integral to and virtually indistinguishable from the site plan application, "and unless otherwise set forth in the relevant town regulations, the special permit and the site plan are not inseparable and, therefore, do not meld into a single entity warranting [application of the statutory provisions regarding automatic approval]." Id., 191. "A specially permitted use enjoys a unique status in a town's planning and zoning scheme because it generally is not restricted to a particular zoning district. The basic rationale for the special permit [is] . . . that while certain [specially permitted] land uses may be generally compatible with the uses permitted as of right in particular zoning districts, their nature is such that their precise location and mode of operation must be regulated because of the topography, traffic problems, neighboring uses, etc., of the site. Common specially permitted uses, for example, are hospitals, churches and schools in residential zones. These uses are not as intrusive as commercial uses would be, yet they do generate parking and traffic problems that, if not properly planned for, might undermine the residential character of the neighborhood. If authorized only upon the granting of a special permit which may be issued after the [zoning] board is satisfied that parking and traffic problems have been satisfactorily worked out, land usage in the community can be more flexibly arranged than if schools, churches and similar uses had to be allowed anywhere within a particular zoning district, or not at all." (Internal quotation marks omitted.) Id., 191–92.

"Where, as here, the special permit application necessarily must contain a site plan, that fact, by itself, does

not trigger automatic approval of either the special permit or its accompanying site plan, pursuant to §§ 8-3 (g) and 8-7d, when the commission does not meet the time limits set forth in § 8-3c (b)." Id., 194. Accordingly we affirm the court's conclusion that automatic approval was not an appropriate remedy here.

### III

Savino's third claim is that the court improperly voided his permit rather than remanding his amended application to the commission for proper notice and a rehearing. We agree.

The commission improperly published notice of Savino's amended application for the June 11, 1996 public hearing. The applicant should not have been penalized for the commission's failure to give proper notice of the public hearing on the matter. See *Koepke* v. *Zoning Board of Appeals*, 223 Conn. 171, 178–79, 610 A.2d 1301 (1992). The matter should be remanded to the commission so that it may give proper notice and conduct a public hearing to consider Savino's amended application.

The judgment is reversed and the case is remanded to the trial court with direction to remand the matter to the commission for further proceedings consistent with this opinion.

In this opinion the other judges concurred.