LINDA M. PETERS ET AL. *v.* ENVIRONMENTAL PROTEC-
TION BOARD OF THE CITY OF STAMFORD ET AL.
(9562)

O'CONNELL, FOTI and HEIMAN, Js.

Argued April 25—decision released July 2, 1991

*James V. Minor,* assistant corporation counsel, with
whom were *Mary Margaret Pitt* and, on the brief,
*Paul D. Shapero,* corporation counsel, and *Mary E.
Sommer,* former corporation counsel, for the appellant
(named defendant).

*Joseph J. Tooher, Jr.,* for the appellees (plaintiffs).

HEIMAN, J. The defendant environmental protection
board of the city of Stamford (board)[1] appeals from the

---

[1] The plaintiffs named the following defendants in their appeal to the Supe-
rior Court: the environmental protection board of Stamford; the Stamford
city clerk, Louis L. Pont Briant; the commissioner of the Connecticut depart-
ment of environmental protection, Leslie Carothers; Transcon Builders,

judgment of the trial court sustaining the plaintiffs'[2] challenge to the board's decision to issue a permit to Transcon Builders, Inc. (Transcon), for the construction of a 120 bed nursing home within regulated wetlands and known floodplain areas. We affirm the judgment of the trial court.

The trial court found the following facts in its well reasoned decision. The property in question is a 4.75 acre parcel of land located at 947 Stillwater Road, Stamford. Stillwater Road is two and one-half miles long. It lies within an R-20 zone, where nursing homes are allowed by way of special exception. The site of the proposed nursing home currently has a single-family residence on it and is used as a working farm and produce market known as Hettling's Farm. The property is bounded by the Rippowam River and is characterized by upland slopes, regulated soils, and broad floodplain areas. The wetland soil comprises 53 percent of the site.

In November, 1988, Transcon filed application number 8843 seeking a permit from the defendant board for "deposition of material, removal of material, alteration, construction and obstruction" of the wetland soil area in order to construct "drives, parking, trails, landscaping, building piers and utilities" within the regulated area where it planned to build a 120 bed nursing home.

On December 15, 1988, the board voted to accept Transcon's application. On January 26, 1989, the board

Inc.; and Karl Hettling, Jr. The environmental protection board of Stamford was the only defendant to pursue an appeal of the trial court's decision to this court and is, therefore, referred to as the sole defendant in this opinion.

[2] The trial court found that the following parties are aggrieved by the board's decision: Linda M. Peters, John Peters, Paul C. Ferrara and Janet Ferrara. These parties are referred to as the plaintiffs in this opinion.

determined that the proposed construction may have a significant impact on the regulated area, issued a plenary ruling, requested additional information and scheduled a public hearing for February 16, 1988.

Notice of the public hearing was published in the Stamford Advocate on February 3, 1989, and again on February 13, 1989. Notice of Transcon's application to the board, and of the public hearing date, was sent by certified mail to those property owners whose land is located within 500 to 1000 feet upstream and downstream from the location. Additional people interested in the application were notified by regular mail on February 1, 1989.

Extensive testimony was presented at the February 16 public hearing in support of and in opposition to Transcon's application. The public hearing was continued to February 23, 1989, to allow Transcon to provide additional plans and supporting documentation. The board approved Transcon's application with twenty-three conditions. Notice of the board's conditional approval was published in the Stamford Advocate on March 21, 1989.

The plaintiffs appealed the board's decision to the Superior Court pursuant to General Statutes § 22a-43. The trial court sustained the plaintiffs' appeal, finding that the board's published notice of the public hearing did not satisfy the statutory notice requirements because it had failed to describe the subject property by metes and bounds, by a specific address, or by making reference to any nearby streets or intersections. The trial court held that because of the defective notice the board was without the requisite jurisdiction.

The dispositive issue raised by the defendant board in its appeal to this court is whether the notice of the public hearing that was published in the Stamford

Advocate on February 3 and February 13, 1989, satis-fied the statutory notice requirements set out in Gen-eral Statutes § 22a-42a (c).

The published notice set forth in pertinent part: "The Stamford Environmental Protection Board . . . will hold a public hearing to consider information relevant to Application # 8843. Transcon Builders, Inc., for activities on Stillwater Road." The notice did not list the specific street address of the subject property, its current owner, its size or dimensions, or its location with respect to the nearest intersecting street. The defendant claims that although the subject property was not specifically identified in the notice, it met the statutory requirements of § 22a-42a (c) because (1) the notice referred to the application number and the appli-cation, which was a public record, contained the street address of the property, and (2) the world at large had been notified of Transcon's connection with the prop-erty by ten articles that had been published in area newspapers in 1988 and 1989. The defendant also claims that the trial court improperly put the burden of proving the sufficiency of the notice on the defend-ant board.

General Statutes § 22a-42a (c) provides that "[n]otice of the hearing shall be published at least twice at inter-vals of not less than two days, the first not more than fifteen days and not fewer than ten days, and the last not less than two days before the date set for the hear-ing in a newspaper having a general circulation in each town where the affected wetland and watercourse, or any part thereof, is located." To date, this notice requirement has not been analyzed in our case law. Gen-eral Statutes § 8-3[3] has a notice requirement similar

---

[3] General Statutes § 8-3 (a) provides in pertinent part: "Notice of the time and place of such hearing shall be published in the form of a legal adver-tisement appearing in a newspaper having a substantial circulation in such

to that found in § 22a-42a (c), however, and has been clearly defined by our courts. Because both statutes deal with the duty of a local land use agency to notify the general public of proposed changes in land use, and they are similarly worded, we will rely on the body of legal precedent that has evolved from § 8-3. Cf. *Demar* v. *Open Space & Conservation Commission,* 211 Conn. 416, 425, 559 A.2d 1103 (1989).

Compliance with statutorily prescribed notice requirements is a prerequisite to a valid action by a land use commission and failure to give proper notice constitutes a jurisdictional defect. *Wright* v. *Zoning Board of Appeals,* 174 Conn. 488, 491, 391 A.2d 146 (1978). The primary reason for requiring notice is to advise all affected parties of their opportunity to be heard and to be appraised of the relief sought. Id. Adequate notice enables parties who have an interest in the subject property to know what is projected and to have an opportunity to protest. *Jarvis Acres, Inc.* v. *Zoning Commission,* 163 Conn. 41, 47, 301 A.2d 244 (1972). Constructive, rather than actual, notice is required so that as much of the populace as possible is constructively notified of the proposed action. Id. A defect in the content of the notice cannot be cured by proof that some members of the public received actual notice, or appeared at the hearing. *Cocivi* v. *Plan & Zoning Commission,* 20 Conn. App. 705, 708, 570 A.2d 226, cert. denied, 214 Conn. 808, 573 A.2d 319 (1990). Before this court can conclude that any action taken by the board is valid, the notice provision must be complied with fully. *Slagle* v. *Zoning Board of Appeals,* 144 Conn. 690, 693, 137 A.2d 542 (1957).

We conclude that the published notice in this case was clearly inadequate. By omitting the specific loca-

municipality at least twice at intervals of not less than two days, the first not more than fifteen days nor less than ten days, and the last not less than two days, before such hearing . . . ."

tion of the proposed nursing home, the board issued a defective notice. Referring to the subject property by street name only in a legal notice does not suffice to apprise as much of the populace as possible of the proposed construction. This is particularly so in a case like this where the applicant is not the owner of the subject property and the landowner was never mentioned in the notice, and where the applicant had considered an alternate five acre site on the same street as that set out in the notice.

In addition, we are unpersuaded by the defendant's argument that the general public should have cross-referenced the application number with city hall records, or that earlier newspaper articles[4] had connected the property to Transcon. The statute does not call for cumulative notice, nor does it ask that the general public employ the skills of a research librarian to determine where the subject property is located. The act of giving statutory notice is much too important to be done by way of informal, unofficial or chancy cross-referencing. Compliance with notice requirements that have been set down by a formal statutory prescription is an essential component to the effectiveness of a board's actions. When a published notice is lacking, something "just as good" usually will not do. See 1 M. Merrill, Notice § 493, nn.19, 20.

We conclude, therefore, that the action of the board in conditionally granting Transcon's application is null and void. See *Jarvis Acres, Inc.* v. *Zoning Commission*, supra, 44. Any other interpretation would permit the board to act on special exceptions and other specific

---

[4] Relying on these earlier newspaper articles presents two additional problems. First, there is no indication that they were published within the statutorily mandated time frame. Second, notice by a mere volunteer or stranger is ineffective. T. Byrne, Connecticut Zoning Boards of Appeal (5th Ed.), pp. 38–39.

matters in private without notice to the general public, depriving interested parties of the right to be heard.

The defendant's final claim is that the trial court improperly placed the burden of proving the sufficiency of the notice on it. To support this claim, it points to that portion of the memorandum of decision that states that " '[t]he law is clear that failure to give proper notice of a hearing constitutes a jurisdictional defect, results in a lack of due process and renders the action of the commission granting the zone change null and void.' *Jarvis Acres, Inc.* v. *Zoning Commission,* [supra]. " 'Due process of law requires . . . that there be due notice of the hearing . . . .' " *Huck* v. *Inland Wetlands & Watercourses Agency,* 203 Conn. 525, 536, [525 A.2d 940] (1987)."

The defendant's claim correctly states that the burden of proving that the notice was defective rests on the persons asserting its insufficiency. *Huck* v. *Inland Wetlands & Watercourses Agency,* supra, 537. See also T. Byrne, Connecticut Zoning Boards of Appeal (5th Ed.), p. 102. It overlooks, however, the fact that it was the plaintiffs' appeal to the Superior Court that brought the question of the sufficiency of the notice before the court, and that when the court rendered its judgment it stated that it was sustaining the plaintiffs' claims that notice was inadequate and that the inadequacy constituted a jurisdictional defect. Thus, the trial court properly viewed the plaintiffs' claim and found that they had sustained their burden of proving that the notice was inadequate.

The judgment is affirmed.

In this opinion the other judges concurred.