[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Donald Moran appeals from a decision of the Town Plan and Zoning Commission of Fairfield approving Robert Scinto's application for a special permit. Plaintiff Moran claims the public notice of the commission's hearing so inadequately described the location of the applicant's property that the commission lacked jurisdiction to hear the application. For the reasons stated below, the court finds the notice was adequate. Accordingly, the appeal is dismissed. CT Page 604
On January 21, 1992, Robert Scinto filed an application with the commission for a special permit to build a residential development on a 9.8 acre parcel in Fairfield. The commission scheduled a hearing on the application for March 10, 1992, and caused notice of the public hearing to be published in the Fairfield Citizen on February 28, 1992, and March 6, 1992. The plaintiff received notice of the hearing by letter dated February 3, 1992. On March 10, 1992, the commission conducted a public hearing, he did not at that time challenge the sufficiency of the property description contained in the notice. The commission approved the application. The plaintiff now appeals from the decision claiming the notice was defective.
Plaintiff Moran has standing to appeal from the commission's decision. A person may derive standing to appeal by virtue of his or her status as an abutting landowner or as a landowner whose property is within one hundred feet of the property which is the subject of the appeal. Conn. Gen. Stat. 8-8(a)(1). The plaintiff alleges that he owns land within one hundred feet of the land involved in this decision. At the hearing before this court, the plaintiff testified that his property abutted the subject property. The plaintiff is aggrieved.
Plaintiff contends the commission did not have subject matter jurisdiction over the developer's application for a special permit because a street number was not provided in the published notice of hearing. The plaintiff claims that the absence of the street number in the notice constitutes a jurisdictional defect depriving the commission of subject matter jurisdiction.
Robert Scinto and the commission contend that the published notice is adequate. The notice contains the name of the street where the property is located, the name of the owner of the property, describes the location of the property with respect to the nearest intersecting street, and states that copies of the plans are available in the office of the Town Plan and Zoning Department for public inspection. The defendants relate that a street number was not provided in the notice because there is no mail box or number sign on the undeveloped property. They argue that the description of the property is the most accurate available under the circumstances.
General Statutes 8-3c(b) establishes the notice, hearing, and filing requirements for a special permit. This section provides that "[t]he zoning commission . . . of any municipality shall hold a public hearing on an application or request for a special permit. . . . Notice CT Page 605 of the time and place of such a hearing shall be published in a newspaper having a substantial circulation in such municipality. . . ." Like General Statutes 8-3c(b), the zoning regulations for the Town of Fairfield state that "[n]otice of a public hearing shall be published on a newspaper having substantial circulation. . . ." "[T]he purpose of the statutory public pre-hearing notice is fairly and sufficiently to apprise the public of the proposed action, so as to enable intelligent preparation for participation at the hearing. . . . Although the notice may not be misleading, it need not be exact . . . and a public filing of the plan is relevant to the determination of the adequacy of the notice." R.B. Kent Sons, Inc. v. Planning Commission of Ledyard, 21 Conn. App. 370, 378,573 A.2d 760 (1990), see also Passero v. Zoning Commission, 155 Conn. 511,414, 235 A.2d 660 (1967).
The published notice of hearing was legally sufficient. The notice states that Robert Scinto is the owner of the property and that the property "is located on the easterly side of Easton Turnpike approximately 700 feet northerly of Jefferson Street in a Designed Residence District." It also states that "copies of the plans are available in the office of the Town Plan and Zoning Department for public inspection." While "[a] defect in the content of the notice cannot be cured by proof that some members of the public received actual notice or appeared at the hearing;" Peters v. Environmental Protection Board of Stamford, 25 Conn. App. 164, 168-69, 593 A.2d 975
(1991); it is noted that the plaintiff was notified of the hearing by letter dated February 3, 1992, and was present at the hearing. The newspaper notice was adequate. The notice sufficiently notified the public of the developer's application and allowed those who may have been affected by the change to intelligently prepare for the hearing.
The plaintiff's appeal is dismissed.
THIM, JUDGE