[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Patricia McManus, appeals a decision of the Wallingford wetlands and watercourses commission (the commission) to allow the installation of a new bridge across Muddy River on Williams Road. McManus names the commission, the town of Wallingford engineering department, and the commissioner of the department of environmental protection as the defendants. The commission acted pursuant to General Statutes § 22a-42 and the Wallingford Inland Wetlands and Watercourses commission Regulations.
 PROCEDURAL HISTORY
The commission granted the Wallingford engineering department a permit to remove and rebuild the Williams Road bridge over Muddy River on June 18, 1997, and McManus received notice via the "Record Journal" newspaper on June 23, 1997. McManus served the commission by leaving the writ, summons, and her original complaint at the town clerk's office and at the commission CT Page 13200 chairman's residence on June 26, 1997. On June 26, 1997, McManus served the original appeal on the chairman of the commission. McManus served the commissioner of environmental protection on June 27, 1997. The appeal was filed with the clerk of the Superior Court on July 10, 1997.
McManus filed an amended appeal on August 15, 1997. The commission filed its answer and return of record. McManus objected to the return of record. The commission filed a supplemental return of record. McManus, the commissioner of environmental protection, and the commission each filed a brief. McManus submitted a request to amend her appeal with a copy of an amended appeal and a memorandum in support of her request on February 18, 1998. McManus then filed a brief in reply to the commission's brief.
 FACTS
McManus alleges the following in her amended complaint of February 18, 1998. The Wallingford engineering department filed an application with the commission for permission to conduct a regulated activity on a watercourse. The application involved the destruction of a bridge, and the construction of a new one in its place. McManus intervened to raise environmental issues under General Statutes § 22a-19.
The application was denied. On April 22, 1997, the Wallingford engineering department submitted a second application to remove and rebuild the bridge at Muddy River. McManus again intervened under § 22a-19. The commission granted the permit.
McManus appeals this second decision. McManus alleges that the commission lacked jurisdiction to render a decision on the second application because the Wallingford engineering department had submitted the same application before, and the commission had denied it. McManus alleges that Inland Wetlands and Watercourses Commission Regulations § 11.7 prohibits such a resubmission unless "the proposal is modified in a fashion that substantially changes the impacts which resulted in the denial." (Amended Appeal, ¶; 13.) McManus further alleges that the commission failed to consider all relevant surrounding circumstances, as required by General Statutes § 22a-19 (b), and that the commission failed to consider alternatives, thus violating General Statutes § 22a-41(2). CT Page 13201
McManus also alleges that the commission acted without jurisdiction because it failed to give proper notice under Inland Wetlands and Watercourses Commission Regulations § 9.3, which requires the commission to give notice to all owners of property within 500 feet of the wetlands or watercourses affected by the decision.
 JURISDICTION
"Pleading and proof that the plaintiffs are aggrieved within the meaning of the statute is a prerequisite to the trial court's jurisdiction over the subject matter of the appeal. . . The burden of proving that they [are] aggrieved [is] on [the] plaintiffs." (Internal quotation marks omitted.) Munhall v.Inland Wetlands Commission, 221 Conn. 46, 50, 602 A.2d 566
(1992). "Whenever a lack of jurisdiction to entertain a particular proceeding comes to a court's notice, the court candismiss the proceeding upon its own motion." (Emphasis in original; internal quotation marks omitted.) Park City Hospitalv. Commission on Hospitals Health Care, 210 Conn. 697, 702,556 A.2d 602 (1989).
 A. Aggrievement Under General Statutes § 22a-19
McManus alleges that she "filed as an Intervenor under C.G.S. § 22a-19, and was, therefore, a party to the proceeding below." (Amended Appeal, ¶; 11.) According to General Statutes § 22a-19, "[i]n any administrative, licensing or other proceeding, and in any judicial review thereof made available by law . . . any person . . . may intervene as a party on the filing of a verified pleading asserting that the proceeding or action for judicial review involves conduct which has, or which is reasonably likely to have, the effect of unreasonably polluting, impairing or destroying the public trust in the air, water or other natural resources of the state."
In Mystic Marinelife Aquarium. Inc. v. Gill, 175 Conn. 483,400 A.2d 726 (1978), several plaintiffs appealed the commissioner of environmental protection's decision to grant a permit for the construction of a floating dock in the Mystic River. See id., 484-85. The plaintiffs included riparian landowners who used the body of water for recreational activities, a cemetery association, the president of the Mystic Bridge Residents Association, a tenant who used the river for fishing and rowing, and Mystic Seaport, a maritime museum that also housed a CT Page 13202 restaurant and retail store. See id., 485-88. The Supreme Court upheld the trial court's dismissal of all plaintiffs' claims, except Mystic Seaport's, for lack of jurisdiction because those plaintiffs were not statutorily or classically aggrieved.[1]
See id., 490-97. The trial court also dismissed Mystic Seaport's claim, but the court dismissed the claim because Mystic Seaport failed to prove environmental harm, not because Mystic Seaport lacked aggrievement. See id., 502-03. "[H]aving become a proper party in the administrative proceeding, Mystic Seaport had statutory standing to appeal for the limited purpose of raising environmental issues." Id., 490. The Mystic case does not expressly permit intervenors to bring independent appeals, but it did entertain Mystic Seaport's environmental claims after agreeing with the trial court that it lacked jurisdiction over the other plaintiffs' claims.
"Superior Court decisions . . . have rejected the right to initiate an administrative appeal under § 22a-19."Hyllen-Davey v. Plan Zoning Commission of Glastonbury, Superior Court, judicial district of Hartford-New Britain, Docket No. 579967, 22 CONN. L. RPTR. 410 (July 10, 1998, McWeeny, J.). One court held that "[section] 22a-19 creates no independent right of appeal, but merely allows participation in an appeal otherwise authorized." Taftville Reservoir Preservation Group v.Norwich Commission on City Planning, Superior Court, judicial district of New London at Norwich, Docket No. 108604 (March 13, 1997, Booth, J.) (19 CONN. L. RPTR. 69. 70). See also Lauver v.Canterbury Planning Zoning Commission, Superior Court, judicial district of Windham at Putnam, Docket No. 54067 (May 19, 1998, Booth, J.) ("Section 22a-19 does not create an action independent of another administrative appeal.").
"Mere status . . . as a party or a participant in a hearing before an administrative agency does not in and of itself constitute aggrievement for the purposes of appellate review."Med-Trans of Connecticut. Inc. v. Dept. of Public Health Addiction Services, 242 Conn. 152, 169, 699 A.2d 142 (1997). "[T]he plaintiffs' status as parties at the agency level does not constitute aggrievement." Light Rigging Co. v. Dept. of PublicUtility Control, 219 Conn. 168, 178, 592 A.2d 386 (1991); see also Taftville Reservoir Preservation Group v. Norwich Commissionon City Planning, supra, 19 CONN. L. RPTR. 71 ("A party's status as an intervenor at the agency level does not create aggrievement."). CT Page 13203
Furthermore, even if McManus had properly intervened under § 22a-19 and was permitted to bring an appeal on that basis, she could only raise environmental concerns bout the bridge construction. "An intervening party under § 22a-19 (a) . . . may raise only environmental issues." Red Hill Coalition, Inc. v.Conservation Commission, 212 Conn. 710, 715, 563 A.2d 1339
(1989).
The petition to intervene is dismissed as no environmental issues were raised.
 B. Aggrievement Under General Statutes § 22a-43
McManus further alleges that she has at all times relevant to these proceedings owned property "within a radius of ninety feet of the Muddy River, the watercourse involved in the decision which is the subject matter of this Appeal." (Amended Appeal, ¶ 1.) "[A]n abutting property owner whose property is within ninety (90') feet of the affected wetland or watercourse is statutorily aggrieved." Cromwell v. Inland Wetlands andWaterCourses Agency, Superior Court, judicial district of Middlesex at Middletown, Docket No. 65192 (September 15, 1993, Gaffney, J.) (10 CONN. L. RPTR. 92, 93). Section 22a-43 provides that "any person owning or occupying land which abuts any portion of land or is within a radius of ninety feet of the wetland or watercourse involved in any regulation, order or decision or action made pursuant to [sections 22a-36 to 22-45, inclusive] may . . . appeal to the superior court for the judicial district in which the land is located, and if located in more than one judicial district to the court in any such judicial district." Those who own property within the radius provided by statute "are considered automatically aggrieved and have standing to appeal a decision of a zoning board without having to prove aggrievement."Smith v. Planning Zoning Board, 203 Conn. 317, 524 A.2d 1128
(1987) (discussing General Statutes § 8-8, a Zoning statute which, like § 22a-43, permits appeal by those who own property within a specified distance of me land involved in the agency decision).
In Hathaway v. Inland Wetland Watercourse Commission, Superior Court, judicial district of Milford, Docket No. 34332 (April 3, 1991, Fuller, J.) (3 CONN. L. RPTR. 426), the plaintiff appealed an Orange inland wetland and watercourse commission decision to grant a permit for construction on a wetland site. The court determined that none of the plaintiffs was statutorily CT Page 13204 aggrieved under § 22a-43 because "none of the plaintiffs' properties abut or are within a radius of 90 feet of the subject property." Id., 427. The plaintiffs' properties were all between 240 and 575 feet away from the property on which the permit allowed construction. See id. The court did not analyze the relationship between the plaintiffs' properties and the borders of the wetland on which the construction site lay, but instead focused on the distance between the plaintiffs' properties 3 and the property encompassing the construction site. See id.
In another recent case, however, a trial court upheld a finding that a landowner who lived further downstream than ninety feet was aggrieved. DeAngelis v. Waterbury Inland Wetlands Watercourses Commission, Superior Court, judicial district of Waterbury, Docket No. 132755 (May 16, 1997, Pellegrino, J.). Before Judge Pellegrino entertained the appeal, Judge Sullivan had ruled on a motion to dismiss. Id. Judge Sullivan "found that because the plaintiff owned land abutting the Mad River, the same river which runs through the property subject to this appeal, even though his land was approximately 3/4 to [1-1/2] miles from the instant property that he was nonetheless aggrieved. . . At that hearing [on the motion to dismiss] Judge Sullivan stated: "the court does find from the evidence that in fact the plaintiff does own property that is within a radius of ninety feet from the watercourse, and the watercourse is in fact the river. So the court does find that there is aggrievement.'" Id. Judge Pellegrino, in reviewing Judge Sullivan's finding of aggrievement, concluded that "[t]he court will accept Judge Sullivan's ruling, that the plaintiff is aggrieved, as the law of the case, and therefore find that he has standing to bring the present action." Id. Further, research did not uncover any appellate authority with respect to this issue.
The Supreme Court has not decided whether all owners of land abutting a river downstream from a construction site are classically aggrieved. See Pomazi v. Conservation Commission,220 Conn. 476, 484, 600 A.2d 320 (1991). "[W]e need not decide whether every downstream riparian owner is classically aggrieved by pollution of an upstream watercourse. It is sufficient here
that the parties agreed that pollution could adversely affect the plaintiff's well." (Emphasis added.) Id. (See footnote n. 6).
Muddy River flows underneath three bridges in the pertinent area: William Street Bridge, Conrail Bridge and Liney Hall Bridge, north to south. The plaintiff's attorney testified that CT Page 13205 the distance from the Liney Hall bridge to the William Street Bridge was "a quarter of a mile." The Wallingford Town Engineer, quoted in the Memorandum of Law dated February 11, 1998, stated that the Conrail Bridge is located 1000' upstream of Liney Hall Lane. Another engineer stated the Conrail Bridge is 2200' downstream from the structure, meaning the William Street Bridge. Either measurement 3200 feet or a quarter of a mile, shows the distance to be more than 90 feet from the affected wetland or water course.
 C. Classical Aggrievement
"The test for aggrievement long recognized by [the Supreme Court] is set forth in our decision in State Medical Society v.Board of Examiners in Podiatry, 203 Conn. 295, 524 A.2d 636
(1987). There we stated that [t]he fundamental test for determining aggrievement encompasses a well-settled twofold determination: first, the party claiming aggrievement must successfully demonstrate a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision. . ." Med-Trans of Connecticut, Inc. v. Dept. ofPublic Health Addiction Services, supra, 242 Conn. 159. "[A]ggrievement is established if there is a possibility, as distinguished from a certainty, that some legally protected interest . . . has been adversely affected." Light Rigging Co. v.Dept. of Public Utility Control, supra, 219 Conn. 173.
The court, in Hathaway v. Inland Wetland WatercoursesCommission, supra, 3 CONN. L. RPTR. 426, concluded that the plaintiffs, who owned property near the proposed development, but beyond ninety feet of the subject property, were not classically aggrieved. See id., 427-28. The court indicated that "[t]here was evidence of occasional flooding on [one plaintiff's] property from a stream that flows across it. . . There is no evidence however that improvements on the subject property would increase the drainage problems on the plaintiffs' properties. . . Maps in the record do not show the brook crossing the subject property. . . None of the plaintiffs have proven aggrievement and they are not entitled to review of the merits of their appeal." Id., 428. Once the Hathaway court determined that the plaintiffs' properties were not within ninety feet of the land CT Page 13206 containing the construction site, the court applied the test for classical aggrievement, finding that the plaintiffs failed to show that they were aggrieved.
The burden of pleading and proving aggrievement is on the plaintiff. See Munhall v. Inland Wetlands Commission, supra,221 Conn. 50. McManus has neither pleaded, argued, nor proved that she is classically aggrieved. McManus has failed to allege that her property will depreciate in value or be damaged in some fashion by the bridge construction. By contrast in Multi-ServiceContractors. Inc. v. Vernon, 181 Conn. 445, 445, 435 A.2d 983
(1980), the court found that "the record reveal[ed] that the plaintiffs introduced substantial evidence of aggrievement, including evidence of actual flooding of their land, testimony by a professional engineer that the drainage system was inadequate and testimony that the plaintiffs' property had decreased in value as a result of the flooding. This evidence . . . [was] sufficient to show that the plaintiffs had a specific, personal and legal interest in the matter at hand which was specially and injuriously affected by the decision.
Furthermore, the alleged defect in notice alleged by McManus did not impact her rights. McManus alleges that Inland Wetlands and Watercourses Commission Regulations § 9.3 requires the commission to give notice to all property owners owning property willing 500 feet of the watercourses affected by its decision. McManus argues in her memorandum in support of her request to amend her appeal that, according to a title abstractor's search, several owners were not given proper notice. McManus, however, even according to her own title abstractor's search, was not within the territory in which the commission owed notice to landowners. Assuming the accuracy of McManus' presentation of the regulations, McManus is not aggrieved by any flaw in notice, or by the decision of the commission to grant the application. Ex. 12 of the Return of Record shows the return of the posting;Peters v. Environmental Protection Board, 25 Conn. App. 164, 170. Having shown no "specific personal and legal interest" that was "especially and injuriously affected by [the commission's] decision"; Med-Trans of Connecticut. Inc. v. Dept. of PublicHealth Addiction Services, supra, 242 Conn. 159; McManus has failed to establish the aggrievement necessary to appeal the commission's decision.
The Appeal is denied. CT Page 13207
Robert P. Burns Judge Trial Referee