[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action for a temporary and permanent injunction seeking to prevent commencement of development of a resubdivision consisting of 18 residential building lots. The plaintiff also seeks a declaratory judgment concerning the same issues as the injunction. The cause of action is predicated upon three claims: 1) the permit issued by the Inland Wetlands Commission is invalid because a) the commission failed to give legal notice of its intended action on the developer's request for modification of an existing permit; and, b) the permittee failed to commence the approved regulated activity within one year from the date the permit was issued; and 2) the resubdivision approval issued by the planning and zoning commission is invalid because the legal notice of hearing was misleading and therefore legally inadequate.
Each defendant has filed a motion to dismiss which the parties agree should be limited to the issue of whether the court has jurisdiction over the subject matter of the complaint because the plaintiffs have failed to exhaust their administrative remedies of appeal (i) from the approval granted by the Inland Wetlands Commission on June 9, 1998 and (ii) from the approval granted by the planning and zoning commission on October 14, 1999. CT Page 7961
The plaintiffs counter with the claim that they were not bound to appeal from the June 9, 1998 decision of the Inland Wetlands Commission because the operative action that should have been appealed is the modification of the permit which the commission approved on November 10, 1999. The plaintiffs argue further that because that commission failed to give notice of hearing on the application for modification the right of appeal never matured, and the permit modification is a nullity. Secondly, the plaintiffs argue that their right to appeal the resubdivision approval granted by the planning and zoning commission never came into existence because that commission's notice of hearing was legally inadequate.
 I
The facts necessary for a resolution of the Inland Wetland's claim are as follows: On June 9, 1998 the Inland Wetlands Commission approved an application for a wetlands permit for certain parcels of land located at Hammertown Road and Garder Road in the Town of Monroe for the construction of a subdivision for then owner, Valerie Gallo. In 1999 Gallo assigned the permit to Hammertown Estates LLC who had purchased the property from her. Hammertown Estates LLC wrote a letter to the Inland Wetland Commission seeking a modification of the permit in certain respects. The Inland Wetlands Commission took the matter up at a regular meeting and determined that the changes were not stunificant but were in fact less intrusive and constituted an improvement over the previously approved plan. The commission therefore approved the requested modification of the permit. The commission did not give notice that it intended to consider the matter at the regular meeting, nor did it hold a public hearing on the matter. Subsequent to approval of the modification the commission did not publish notice of its decision to modify the permit.
The applicable statutory provisions which govern this issue are §22a-42a(d)(1) of the General Statutes and § 6.8.c of the Monroe Inland Wetlands regulations. The pertinent-part of § 22a-42a(d)(1) provides as follows: "The inland wetlands agency shall not hold a public hearing on such application unless the inland wetlands agency determines that the proposed activity may have a significant impact on wetlands or watercourses, a petition signed by at least 25 persons requesting a hearing is filed with the agency not later than 15 days after the date of receipt of such application, or the agency finds that a public hearing regarding such application would be in the public interest".
Section 6.8c of the Inland Wetland's regulations provides as follows: "The Commission may hold a public on any application. A public hearing CT Page 7962 shall be required for any proposed application in regard to which the commission receives, within ten (10) days of public notice of the pending application in a newspaper having daily circulation within the Town of Monroe, a written, dated and signed petition requesting a public hearing on the pending application from at least twenty five (25) property owners or electors within the Town of Monroe.
The plaintiffs treat the requested modification as if it were a new application and as if it proposed an activity which may have a significant impact on the wetlands. Not only did the plaintiffs fail to prove this claim by a preponderance of the evidence but the testimony of chairperson John White demonstrates the exact opposite. Commissioner White testified that the commission determined that the modifications were insignificant and in fact, an improvement over the plan which had been previously been approved for Valerie Gallo. But even if the board treated the modification as a new application, a hearing would not have been required because of the commission's finding of no significant impact.
The discretionary nature of the public hearing, except where mandated by § 6.8.c of the regulations, is supported by recognized principles of statutory construction. "Where the legislative intent is clear there is no room for statutory construction. Keleman v. Rimrock Corporation.207 Conn. 599, 606 (1988). Where . . . the language of the statute is clear and unambiguous, the courts may not by construction supply omissions in a statute, or add exceptions merely because it appears to them that good reasons exist for doing so". Simko v. Zoning Board ofAppeals, 205 Conn. 413, 418 (1987). "It is the duty of the court to interpret statutes as they are written. . . . And not by construction read into statutes provisions which are not clearly stated. Brennan v.Fairfield 58 Conn. App. 191, 196 (2000).
The court notes that the language of § 22a-42a(d)(1) is prohibitory and not mandatory. It actually prohibits a wetlands commission from holding a hearing on an application unless one of three events occurs: 1) the commission determines that the proposal will have a significant impact; 2) a petition with 25 signatures is received, or 3) the commission determines that it is in the public interest to do so. Assuming arguendo that the plaintiff's position that the request for modification constitutes an application, whether to hold a hearing is entirely discretionary both under the statute and under the commission's own regulations unless it receives a petition containing 25 signatures, in which event it becomes mandatory.
In Consolini v. Inland Wetlands Commission, 29 Conn. App. 12, 16 (1992) our Appellate Court held that the question of whether a proposed change CT Page 7963 to an inland wetlands permit requires a new application is a question of fact to be determined by the commission which has expertise in this technical area. There as here, the commission found that the regulated activity proposed in the modification application would actually have a lesser impact on the wetlands then the activity authorized by the unmodified permit. In the field of planning and zoning our trial court has consistently held that a zoning authority has no statutory obligation to issue notice and hold a hearing with respect to modifications of a special permit. Van Stones Cyprus v. Zoning Commission. CV92-0292015, J. D. Fairfield January 8, 1993, (Levin, J.); Con Tech Development Corp. v.Planning and Zoning Commission, No. CV 05365, J.D. Tolland, May 12, 1995, (Bishop, J.). "Constitutional due process does not require a hearing if neither the statute nor the local ordinance requires one, at least where the agency making the decision is acting administratively and there is no discretion to withhold approval if all of the conditions of the regulations are met". Tondro, Connecticut Land Use Regulations, at 396 (2d. Ed. 1993).
The court also notes that § 22a-42a(d)(1) only mandates publication of notice of the commission's "order in issuance, denial, revocation or suspension of a permit." Granting a modification of a permit constitutes non of the above.
The court concludes that no prehearing or post hearing notice was required with respect to the requested modification of the inland wetlands permit.
 II
Section 22a-42a(d)(2) of the General Statutes mandates that a wetlands permit be valid for five years but permits the commission to "establish a time period within which any regulated activity shall be conducted."
Section 6.9 of the inland wetlands regulations provides that "unless a longer period is allowed by the commission the initial permit for the activity must be commenced within one (1) year of the date of the granting of the permit and must be completed within three (3) years of the date of the granting of the permit."
The permit which the commission issued in this case (No. 98-3) expressly states that the "permit duration is five (5) years" and fixed the expiration date as May 27, 2003. It is obvious from the language of the permit that the commission has allowed a longer period both for the ultimate duration of the permit as well as for the initial commencement.
Moreover, standard condition No. 2 of the permit requires that the CT Page 7964 timing for the regulated activity be "as approved by the commission". The commission has specified a permit period of five years without limiting the timing of commencement of activity. Under this permit, as issued, regulated activity could commence as late as necessary to facilitate completion by the end of the fifth year. In fact, it is possible that because the permit provides for "additional extensions" with the commission's approval it is conceivable that if for some legitimate reason no activity were to commence until the day before the end of the fifth year, the commission would be empowered to grant an extension. Therefore, the permit did not expire for failure to commence activity within one year.
 III
The parties have stipulated that the following language was used in the notice of hearing by the planning and zoning commission.
 SUBDIVISION/SPECIAL EXCEPTION PERMIT 407 Hammertown Road
 Application of Hammertown Estates, LLC by August Wildman for a special exception permit in an RD zone for certification of one (1) rear lot; also, for a subdivision of land consisting of seventeen (17) lots as shown on a map entitled "Resubdivision Map of Hammertown Estates. Hammertown Road, Monroe, Connecticut. Prepared for Hammertown Estates, LLC, dated June 24, 1999, prepared by Michael A. Natale, R.L.S.
The plaintiffs claim that the notice should have stated the street address as 391, 399 and 401 Hammertown Road and 361 Garder Road in addition to 407 Hammertown Road because street numbers other than 407 are property locations designated by the Monroe Town Assessor.
Section 8-3 (a) of the General Statutes provides that "notice of the time and place of such hearing shall be published in the form of a legal advertisement." There is no dispute that the planning and zoning commission was required to hold a hearing on the application and give notice of that hearing but there is substantial disagreement as to whether the above notice satisfied the statutory requirement.
"Failure to give newspaper notice is a subject matter jurisdictional defect and that subject matter jurisdiction cannot be waived or conferred by consent. . . . Noncompliance with the statutory requirement of public notice invalidates the subsequent action by the zoning board even when CT Page 7965 the [affected] party appeared at the public hearing since the legislative intent to notify the public constructively would otherwise be frustrated." (Citations omitted; internal quotations omitted.) Koepke v.Zoning Board of Appeals, 223 Conn. 171, 174-75 (1992).
"[T]he purpose behind the notice requirement of § 8-3 is fairly and sufficiently to apprise those who may be affected by the proposed action of the nature and character of the proposed action so as to enable them to prepare intelligently for the hearing. . . .
Without proper notice, zoning authority actions are null and void. . . . A defect in the content of the notice cannot be cured by proof that some members of the public received actual notice, or appeared at the hearing. The burden of proving that the notice was defective rests on the persons asserting its insufficiency." (Citations omitted; internal quotations omitted.) Nazarko v. Zoning Commission, 50 Conn. App. 517,519-20 (1998).
"Not all flaws in the notice are fatal. . . . A defect, however, may not be misleading. (Citation omitted.) Cocivi v. Plan and ZoningCommission, 20 Conn. App. 705, 708 (1990) (where the court held that a published notice containing an incorrect hearing date was misleading because it "invited speculation").
In Narzarko v. Zoning Commission, supra, the defendants appealed the trial court's determination that the published prehearing notice was inadequate and misleading. The notice identified the subject property as lot 10, a seventy one acre parcel, whereas the application sought an exception which included lot 9, a ninety one acre parcel. The court stated that the published notice "failed to describe the subject property by metes and bounds, by specific address or by reference to the nearest street. "Id. at 520. The court therefore concluded that "the notice was insufficient in that it describes the subject property as lot 10 on the assessor's map, without referring to lot 9 even though the application seeks a special exception to improve an access driveway that traverses both parcels." Ibid.
In Peters v. Environmental Protection Board, 25 Conn. App. 164 (1991) the board appealed the trial court's decision that the published notice did not satisfy statutory requirements because it failed to describe the subject property by metes and bounds, by a specific street address, or by making reference to any nearby streets or intersections. The board argued that statutory notice requirements were satisfied because the notice referred to the application number and the application contained the street address of the subject property. The board further argued that the world at large was placed on notice because ten articles were published CT Page 7966 in area newspapers during a two year period. The Appellate court held that the notice was inadequate because "referring to the subject property by street name only in a legal notice does not suffice to apprise as much of the populace as possible of the proposed construction. This is particularly so in a case the applicant is not the owner of the subject property and the landowner was never mentioned in the notice. . . ." Id. at 169.
"The statute does not call for cumulative notice, nor does it ask that the general public employ the skills of a research librarian to determine where the subject property is located." Id. at 169. In R. B. Kent Son.Inc. v. Planning Commission, 21 Conn. App. 370 (1990) the plaintiffs argued that the prehearing and post-approval published notices were misleading because they referred to a "proposed 30 lot subdivision approximately 35.42 acres of land at the southern end of Eagle Ridge Drive and Partridge Hollow Road." Although the resubdivision application was known as "Section B-3R", part of the plan involved a storm water diffuser located on a previously approved subdivision known as "Section B-2A." Neither the prehearing or the post-approval notices referenced sections B- 3R or B-2A. The court held that the notices "adequately apprised the public of the location of the property involved in the resubdivision. . . ." Id. at 379. Indeed, the court stated that the notices "property described the general area and approximate size of the proposed resubdivision, and the reference to the plan and related materials on file was adequate to permit any member of the public to determine more precisely the specific parcels involved." Ibid.
From these cases it is apparent that several characteristics go into an adequate legal notice which must be evaluated on a case by case basis. No hard and fast rule is discernible. For instance, in Peters v.Environmental Protection Board, supra at 167, the notice did not list the specific street address of the subject property, its current owner, its size or dimensions, or its location with respect to the nearest intersecting street. In R. B. Kent Son. Inc., supra at 379, the notice described the general area and approximate size of the proposed resubdivision and contained a reference to the subdivision plan and related materials on file in the office of the planning and zoning commission.
Measuring the adequacy of the notice in this case against the several discreet characteristics in Peters and Kent, the court finds the following facts. The notice contained the name of the current owner, the zoning classification in which the property was situated, the title of the application as a "resubdivision and special permit", the title of the resubdivision map, the exact number building lots proposed for development, the street number address of the one and only residence CT Page 7967 located in the subdivision (407 Hammertown Road). In addition, the resubdivision map as described in the notice was on file in the office of the planning and zoning commission prior to the hearing and was open to public inspection. Shrobar v. Jensen, 158 Conn. 202, 207 (1969).
The court further finds the following additional facts: a.) all of the parcels which comprise the resubdivision, with the exception of 407 Hammertown Road, are vacant and ummproved; b.) number 407 Hammertown Road is the only one of the several parcels which has a mailbox; c.) the number 407 appears on the mailbox; d.) the entire 65 acre tract which comprises the subdivision has been known as 407 Hammertown Road for at least twenty nine years; e.) the current owner actually received mail at that address in 1999; f.) the numbers which correspond to the ummproved parcels and which the plaintiffs contend should have been included in the legal notice are not mailing or street addresses, have no mailboxes and have no visible means of identification from the street; g.) the unimproved parcels are not locations upon due inquiry of those who are charged with knowledge of address locations in the town such as emergency service agencies; h.) all numbers other than 407 were designated by the town assessor in connection with the assessor's duties to lay assessments on all properties within the town; i.) number 401 and 407 Hammertown Road are one in the same; j.) a portion of 407 is now a pond, it having been conveyed to the town; k.) the pond has no separate street or mailing address; 1.) notwithstanding the assessor's separate numerical designations of these parcels they all were acquired in February 1999 by the same entity, Hammertown Estates, LLC which itself chose to designate the entire 65 acres as number 407 Hammertown Road.
One of the strongest identifying characteristics of the property is the fact that under the RD zone classification (2 acre minimum) seventeen building lots cannot possibly be carved out of what the plaintiffs contend is 407 Hammertown Road or obviously land that is now under water. The plaintiffs contend that # 407 is limited to what is designated on the resubdivision map as Lot 1R. There is no basis in the evidence for such a limitation.
In this court's view this is not a case of no street address or the wrong street address or an incomplete street address. This is a case where there was only one street address, number 407 Hammertown Road. The word "address" is defined in Webster's New World Dictionary, 2nd Coll. Ed., 1979 as "the place to which mail etc. can be sent to one; a place where one lives or works; the writing on an envelope, parcel etc, showing its destination."
Applying the definition of "address" to a specific location it is apparent that 391 and 399 Hammertown Road and 361 Garder Road are not CT Page 7968 street addresses which are assigned or intended by any organization, governmental or private, to designate a specific location. They do not represent lot numbers on any filed or recorded map. They are intended to convey no information other than to facilitate the town assessor's duties in setting up separate property tax assessment accounts. The numbers have only a limited administrative significance. They have no significance to the general public or the property owners of the town in terms of establishing specific locations.
Because the court has determined that the legal notice of hearing given by the planning and zoning commission was adequate, necessarily, then the plaintiffs were bound to have taken their appeal from the notice of decision which the commission published on October 14, 1999. Likewise, with regard to the action of the Inland Wetlands Commission, because the court has found that the permit modification which the commission approved did not require notice and hearing, the plaintiffs' only remedy for challenging the permit was to have appealed the decision of the wetlands commission at the time the permit was issued on June 9, 1998. A declaratory judgment may not be used as a substitute for a timely appeal. It may used, however, to challenge an municipally issued administrative permit where the plaintiff had no notice, actual or constructive, of the process by which the permit came to be issued.Loulis v. Parrott, 241 Conn. 180 (1997). As noted above, the plaintiffs were given adequate legal notice of both the inland wetlands and resubdivision permits. Harris. v. Cohen, 18 Conn. App. 80 (1989). Because the plaintiffs have failed to exhaust their administrative remedies as to both the Monroe Planning and Zoning Commission and Inland Wetlands Commission this court is without subject matter jurisdiction over these subject areas. LaCroix v. Board of Education, 199 Conn. 70 (1986). The fact that claims for injunctive relief accompany the prayers for declaratory relief does not change the result. Mannweiler v. LaFlamme,232 Conn. 27 (1995). "T[t]he trial court lacks jurisdiction to rule on a request for injunctive relief when that relief depends on a de facto
declaratory judgment." Manley v. Pfeiffer, 176 Conn. 540, 544-45 (1979); The motion to dismiss is granted as to the first two counts. Count three is not implicated in the motion.
BY THE COURT
Mottolese, Judge