[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter comes before the court on a motion for summary judgment filed by the defendants, Housing Authority of the City of New Haven (HANH) and the intervening defendant, Gracie White.
This action returnable to the court on November 25, 1991 was brought by Edgewood Village, Inc. and the Edgewood Neighborhood Association, Inc., in an amended complaint which seeks a permanent injunction "barring the [Housing Authority] from leasing, transferring or otherwise utilizing the property at 145 West Park Avenue as a residence for any person or persons," and an order that "HANH be required to divest itself of the property.
The factual background of this matter is simple; its procedural history tortured. The HANH identified the property at 145 West Park Avenue, New Haven as a site to be acquired under its "scattered site" housing imitative. HANH provided legal notice of its intent to acquire this property which was published in the New Haven Register on March 1, 1997 and again on March 8, CT Page 3590 1997. It provided notice of public hearing "to receive public comment on the potential acquisition by the Authority of an existing 1-unit property at 145 West Park Avenue; and an existing 1-unit property at 65 Fulton Street (which is proposed to be demolished, and the land combined with adjacent property already owned by the Authority for a new construction development.)." The HANH proceeded to acquire the property at 145 West Park Avenue. Ultimately, a tenant, Gracie White, was procured for the premises, which she now occupies. In October, 1998, Ms. White subsequently sought and received permission to intervene in these proceedings.
This is the second action between the original parties to this action. The first, is known colloqually as Edgewood I. That matter was dismissed for jurisdictional defects unrelated to the issues here. As a part, however, of its consideration the court (Sullivan, William, J.) considered and rejected a motion to dismiss addressed to the issue of plaintiff's standing. The issue was once again raised in the instant action and rejected (Thompson, J.). Meanwhile, HANH removed the matter to federal court in November of 1997. A motion to remand, filed by the plaintiff was granted by the United States District Court (Squatrito, J.). Such other procedural or substantive facts as need to be referred to shall be stated in the course of this opinion.
The plaintiffs in their complaint alleges that the defendant HANH's notice regarding the public hearing was defective under the statutory mandates of General Statutes § 8-44 and that this defective notice has denied the plaintiff of due process.
The property at 145 West park Avenue was sought to be acquired by HANH to comply with the requirement that it provide for occupancy units, including "scattered site" units outside of minority concentration areas, as part of a settlement agreement reached in the matter ofChristian Community Action v. Cisneros, (U.S.D.C., D.Conn. CV 00296CAVCJ). Gracie White, the defendant is an occupant tenant at the premise of 145 West park Avenue as a scattered site unit, having resided there with her family since late October, 1997.
The amended complaint alleges that the notice given CT Page 3591 was not proper and, therefore, HANH's acquisition of the property violates General Statutes § 8-44. Further the complaint alleges that the property acquisition does not comply with criteria for scattered site acquisition promulgated by HANH because the area in question contains a concentration of minority residents. The plaintiffs claim irreparable harm will befall them in that their property values will be adversely affected as a result of the failure of [HANH], or its inability, to assure proper maintenance of the "property" owned by it."
The present motion for summary judgment jointly filed by the defendant HANH and White claims there is no material fact at issue and the defendants as a matter of law are entitled to summary judgment, that the notice given was not legally deficient. The plaintiff argue m opposition that it is a material and legal issue as to whether the legal notice was deficient in content and they were not timely, as required by statute. In support of its memorandum in opposition the plaintiffs have provided legal notices of other HANH public hearings for acquisition of sites. They are submitted in support of the plaintiff's position that the subject notice is deficient. Of the eight legal notices provided, in seven of them, the notice refers to the purpose of acquisition as being for "federally subsidized low-income housing."
The statute which authorizes HANH to acquire properties such as 145 Park Avenue is Connecticut General Statute 8-44, Powers of Authority. "An authority shall constitute a public body corporate and politic, exercising public powers and having all the powers necessary or convenient to carry out the purposes and provisions of this chapter, including the following enumerated powers in addition to others granted by any provision of the general statutes . . . (d) . . . To purchase . . . or acquire, by gift, grant, bequest, devise or otherwise, any real or personal property, or any interest therein, provided no real property or interest therein shall be acquired for the site of a proposed housing project until the housing authority has held a public hearing concerning such site, notice of which has been published in the form of a legal advertisement in a newspaper having a substantial circulation in the municipality at least twice at intervals of not less than two days. The first not more CT Page 3592 than fifteen or less than ten days, and the last no less than two days, before such hearing; . . ."
The public hearing was held on March 11, 1997. The first legal notice in the New Haven Register was published on March 1, 1997, and the last on March 8, 1997. The first notice was to be not less than ten days before the public hearing. The second notice was to be not less than two days before the public hearing. There is no dispute that the second notice satisfied the statutory requirement. The timing of the first notice, however is at issue. The statute itself does not provide the manner in which the "not less than ten days before the public hearing" is to be counted.
The existing case law does not support the defendants' motion for summary judgment, in regard to the issue of the adequacy of the legal notice, in terms of when it was published. Peter v. Environmental Protection Board,25 Conn. App. 164, 167-169, 593 A.2d 975 (1991); Lauerv. Planning Zoning Commission of Canterbury,60 Conn. App. 504, 509-510, ___ A.2d ___ (2000); Gendronv. Naugatuck, 21 Conn. Sup. 78, 87-88, 144 A.2d 818
(1958).
The motion for summary judgment is denied.
Lynda B. Munro, Judge of the Superior Court